## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement" or "Agreement") is entered into by and between Plaintiff Lyndsey M.D. Olson, f/k/a Lyndsey M. Davis and/or Lyndsey M. Davis-Kimber (collectively, "Plaintiff"), individually and as a representative of the Settlement Class (as defined in paragraphs A.17 and A.26 below), on the one hand, and Defendants Citibank (New York State), Citibank, N.A., and The Student Loan Corporation (collectively "Defendants"), on the other. The parties agree that Defendant Citibank (New York State) was a national bank that no longer exists, and that Citibank (New York State) was merged into Citibank, N.A., in August 2003. This Settlement is subject to preliminary and final approval by the Court. The Agreement is intended by the Settling Parties (as defined in paragraph A.28 below) to fully, finally and forever resolve, discharge, and settle the Released Claims (as defined in paragraph A.19 below), upon and subject to the terms and conditions hereof.

## RECITALS

The following recitals are material terms of this Agreement. This Agreement is made with reference to and in contemplation of the following facts and circumstances:

A.      On July 13, 2010, Plaintiff filed a putative class action against Defendants in the United States District Court for the District of Minnesota, captioned Lyndsey M.D. Olson v. Citibank (New York State), Citibank, N.A. and The Student Loan Corporation, Case No. 0:10-cv-02992-PAM-JJG (the "Action"), on behalf of herself and purportedly on behalf of a nationwide class of all borrowers whose student loans were placed into forbearance during their qualifying Military Service under the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. Appx. §§ 501, et seq. Plaintiff alleged that Defendants charged interest on her loan at rates higher than the maximum amount permitted under the SCRA, and, moreover, allegedly compounded such interest over the remaining term of her loan. Plaintiff's Complaint asserted, among other things, causes of action for declaratory and injunctive relief, violations of the SCRA, and unjust enrichment.

B.      On January 11, 2011, Plaintiff filed a First Amended Complaint in the Action. As with the original Complaint, the First Amended Complaint challenges the alleged mandatory forbearance and purported compounded interest and is brought individually and on behalf of the same putative class as the original Complaint. The First Amended Complaint also asserts the same causes of action. Plaintiff filed a Second Amended Complaint, for the purpose of amending the class definition as set forth below in Sections A.26 and B.1 of this Agreement, on March 15, 2012.

C.      Defendants deny all claims asserted against them and Defendant Citibank (New York State) in the Action, deny all allegations of wrongdoing and liability, and have denied all material allegations of the First Amended Complaint and asserted numerous defenses as to both liability and damages. Defendants nevertheless desire to settle the Action on the terms set forth herein solely for the purpose of avoiding the burden, expense, risk, and uncertainty of continuing these proceedings.

D.     Class Counsel (as defined in paragraph A.2 below) and counsel for Defendants have engaged in extensive conversations, meetings, and informational exchanges to attempt to resolve the Action, including a formal settlement conference with Magistrate Judge Jeanne Graham on November 9, 2011. This Agreement resulted from and is the product of arm's-length negotiations, discovery, and analysis by counsel knowledgeable and experienced in class action litigation.

E.     Class Counsel represent and warrant that, subject to Court approval, they are fully authorized to enter into a settlement agreement on behalf of the Settlement Class. Class Counsel have concluded, after investigation of the facts, and after carefully considering the circumstances, that it would be in the best interests of the Settlement Class to enter into this Settlement Agreement; and Class Counsel consider the Settlement set forth to be fair, reasonable, adequate, and in the best interests of the Settlement Class.

F.     The undersigned Settling Parties understand, acknowledge, and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims. This Agreement is inadmissible as evidence against Defendants or any of the Released Parties (as defined in paragraph A.20 below) except to enforce the terms of the Settlement and is not an admission of wrongdoing or liability on the part of any party to this Agreement. It is the Settling Parties' desire and intention to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among Plaintiff (for herself and the Settlement Class) and Defendants that, subject to the approval of the Court, the Action and the Released Claims shall be finally and fully compromised, settled and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement, as follows:

## TERMS OF SETTLEMENT

A.     **Definitions**

As used in this Agreement, the following terms have the meanings specified below:

1.     "Action" means and refers to the action filed in the United States District Court for the District of Minnesota, on or about July 13, 2010, entitled <u>Lyndsey M.D. Olson v. Citibank (New York State), Citibank, N.A., and The Student Loan Corporation</u>, Case No. 0:10-cv-02992-PAM-JJG.

2.     "Class Counsel" means the law firms of Crowder Teske, PLLP, including attorneys William Crowder, Vildan Teske, Marisa Katz, and Colleen Daly, the Law Offices of Martin A. Carlson, Ltd., and Richard J. Fuller (who offices at Schaefer Law Firm, LLC).

3.     "Class List" means the document signed by Class Counsel and counsel for Defendants, which list is intended by the Parties to identify the SCRA Loans (by reference only to the name, address and last four digits of a social security number or the loan number) and Persons that are covered by this Agreement. The Class List may only be used for purposes of

identifying the Settlement Class Members and for no other purposes; however, this is not intended to infringe in any way upon attorney-client communications between Class Counsel and the Class. The Class List otherwise is to be kept and maintained as confidential.

4.    "Class Notice" means all types of notice to the Settlement Class as contemplated herein.

5.    "Complaint" means and includes any Complaint filed in this Action, including the Class Action Complaint filed by Plaintiff on July 13, 2010, the First Amended Class Action Complaint filed by Plaintiff on January 11, 2011, and the Second Amended Complaint filed by Plaintiff on March 15, 2012.

6.    "Court" means the United States District Court for the District of Minnesota.

7.    "Defendants" means Defendants Citibank (New York State), Citibank, N.A., and The Student Loan Corporation.

8.    "Effective Date" means the date 14 days after each and all of the following conditions have occurred:  (i) this Agreement has been signed by Plaintiff, Class Counsel, Defendants, and Defendants' counsel; (ii) Orders have been entered by the Court conditionally certifying the Settlement Class, granting preliminary approval of the settlement, and approving the Class Notice; (iii) the Court-approved Class Notice has been duly provided as ordered by the Court; (iv) Defendants have not elected to withdraw from or terminate the Settlement in accordance with the terms of this Agreement; (v) the Court has entered a Final Approval Order (as defined in paragraph A.9 below) approving the Settlement; (vi) the Court has entered a final Order with respect to any attorneys' fees and expenses to be awarded to Class Counsel and that Order is final and non-appealable; and (vii) the Court has entered a Final Judgment (as defined in paragraph A.10 below) dismissing the Action as to the Settlement Class and Plaintiff Lyndsey M.D. Olson with prejudice and that Final Judgment has become Final (as defined in paragraph A.10 below).

9.    "Final Approval Order" means the Order to be submitted to the Court in connection with the final approval hearing on the Settlement, the Settling Parties' proposed form of which is attached hereto as Exhibit A, as entered by the Court.

10.    "Final Judgment" or "Judgment of Dismissal" refers to the Judgment of Dismissal to be entered in the Action in connection with the Settlement, which shall be substantially in the form of Exhibit B hereto, after it becomes Final.  Such Judgment of Dismissal shall be deemed Final: (a) 35 days after the Final Approval Order and Judgment of Dismissal are entered if no document is filed within that time seeking appeal, review, rehearing, reconsideration, or any other action regarding that Order and/or Judgment; or (b) if any such document is filed, then 14 days after the date upon which all appellate and/or other proceedings resulting from the document have been finally terminated in such a manner as to permit no further judicial action.

11.    "Graduate Loan" means any private or federal student loan taken by a student and/or the student's parent(s) for the purpose of the student's pursuit of post-graduate studies.

12.    "Lead Class Counsel" shall mean the representative of Class Counsel, Vildan Teske, to whom any court-approved application by Class Counsel for attorneys' fees, expenses and costs shall be paid.

13.    "Mailed Notice" means the form of "Notice of Proposed Settlement of Class Action and Settlement Hearing" to be mailed in connection with the Settlement, the Settling Parties' proposed form of which is attached hereto as Exhibit C.

14.    "Military Service" has the same meaning as set forth in Section 511(2) of the SCRA.

15.    "Period of Military Service" has the same meaning as set forth in Section 511(3) of the SCRA.

16.    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity, and their spouses, heirs, predecessors, successors, agents, representatives, or assignees.

17.    "Plaintiff" means Plaintiff Lyndsey M.D. Olson, also known as Lyndsey Margaret Davis, Lyndsey Margaret Kimber, Lyndsey Margaret Davis Kimber, and Lyndsey Kimber Olson, and any of her co-signers, heirs, successors and assigns.

18.    "Preliminary Approval Order" means the Order to be submitted to the Court in connection with the preliminary approval hearing on the Settlement, the Settling Parties' proposed form of which is attached hereto as Exhibit D, as entered by the Court.

19.    "Released Claims" means the claims released by this Settlement, as set forth in paragraph K below.

20.    "Released Parties" means Defendants and all persons and/or entities released by this Settlement, as set forth in paragraph K below.

21.    "SCRA" means the Servicemembers Civil Relief Act, 50 U.SC. Appx. §§ 501 *et seq.*, including any prior names by which the SCRA or its predecessor provisions were known.

22.    "SCRA Loan" means each student loan that (1) either was on a forbearance as of July 13, 2004, or was placed on forbearance between July 13, 2004 and November 30, 2011; and (2) had the forbearance placed on the loan automatically to implement the six percent (6%) interest rate cap provided for in Section 527(a) of the SCRA; and (3) became eligible for the interest rate cap set forth in Section 527(a) as a result of a Servicemember providing notice to Defendants in accordance with the requirements of Section 527(b) of the SCRA.

23.    "Servicemember" has the same meaning as set forth in Section 511(1) of the SCRA.

24. "Settlement Amount" means the total aggregate amount of payments, calculated to be the exact amount of $2.32 million ($2,320,000) and no higher than that amount, that Defendants have agreed to pay, in accordance with the terms of this Agreement, to members of the Settlement Class in complete and final settlement of the Action. The payment potentially available under this Agreement to each individual member of the Settlement Class (*i.e.*, the Settlement Benefit as defined in paragraph A.25 below), who does not opt-out is set forth on the Class List, in accordance with the procedures set forth in paragraph F.4 below.

25. "Settlement Benefit" or "Individual Settlement Benefit" means the payment to be made under the terms of this Agreement to each individual member of the Settlement Class who does not opt out, in such calculated dollar amount as is set separately forth and listed for each such Settlement Class member on the Class List, and subsequently on the updated Class List to account for opt-outs, pursuant to paragraph F.4.

26. "Settlement Class" means: All Servicemembers who, between July 13, 2004 and November 30, 2011, were in Military Service and: (a) had one or more SCRA Loans that were then on a forbearance automatically in order for the Servicemember to receive the six percent (6%) interest rate cap under 50 U.S.C. App. § 527(a), and (b) provided the written notice to Defendants regarding their Period of Military Service under the SCRA before 180 days after the end of their military service. The persons potentially comprising the Settlement Class are identified on the Class List.

27. "Settlement Class Member" or "Class Member" means a person who falls within the definition of the Settlement Class. Settlement Class Member or Class Member shall exclude those persons who timely and properly opt out of the Settlement Class in strict accordance with the terms of this Settlement Agreement.

28. "Settling Parties" or "Parties" means, collectively, Defendants and Plaintiff, on behalf of herself and the Settlement Class Members.

29. "Undergraduate Loan" means any private or federal student loan taken for the purpose of pursuing undergraduate studies.

**B.** **Conditional Certification Of Settlement Class**

1. Solely for the purposes of Settlement, providing Class Notice, and for implementing this Agreement, the Settling Parties agree to conditional certification of the following Settlement Class, which shall be certified for settlement purposes only:

> All Servicemembers who, during the period between July 13, 2004 and November 30, 2011, were in Military Service, and: (a) had one or more SCRA Loans that were then on a forbearance automatically in order for the Servicemember to receive the six percent (6%) interest rate cap under Section 527(a) of the SCRA, and (b) provided the written notice to Defendants regarding their Period of Military Service under the SCRA before 180 days after the end of their military

service.

2.     For purposes of this Agreement, and the proceedings and certification contemplated herein, the Parties stipulate and agree that Plaintiff shall be appointed the Class Representative for the Settlement Class, that her counsel, the law firms of Crowder Teske, PLLP, Law Offices of Martin A. Carlson, Ltd., and Richard J. Fuller, Attorney at Law, shall be appointed as Class Counsel, and that attorney Vildan Teske shall be appointed as Lead Class Counsel for the Settlement Class. The process for seeking certification of the Settlement Class and appointment of the Class Representative and Class Counsel shall be as set forth below in paragraphs D (Preliminary Approval) and L (Final Approval).

3.     If the Court does not approve the Settlement, certification of the Settlement Class and appointment of a Class Representative and Class Counsel will be void, no doctrine of waiver, estoppel, or preclusion will be asserted in any litigated certification proceedings in the Action and the Settling Parties will be returned to their positions status quo ante with respect to the Action as if the Settlement had not been entered into.

## C.     **Settlement Consideration**

1.     Settlement Amount. Citibank N.A., on behalf of itself and the other Defendants, agrees to pay the Settlement Amount, *i.e.*, the exact amount of $2.32 million ($2,320,000) and not higher, to Plaintiff and members of the Settlement Class in connection with their actual or potential claims for alleged overcharges or alleged excess interest resulting from any SCRA-related forbearances, and in full and final settlement of the claims asserted in the Action. Provided the Effective Date has occurred, Settlement Class Members who do not opt out of the Settlement will receive an individual payment in the amount of their Individual Settlement Benefit, as reflected for such Settlement Class Member on the Class List, as updated to account for opt-outs, pursuant to paragraph F.4 below. The method of allocating such Individual Settlement Benefits is set forth in paragraph F below.

2.     Settlement Administration and Other Costs. Citibank N.A., on behalf of itself and the other Defendants, shall be responsible for all costs and expenses in the action for: (i) administering the Settlement, including (a) costs incurred in connection with preparing and mailing Class Notice in the manner set forth in paragraph E below and, (b) costs incurred in connection with distributing the individual Settlement Benefit amounts to the Settlement Class Members in the manner set forth in paragraph G below; (ii) any attorneys' fees and costs the Court awards to Class Counsel pursuant to and in accordance with the limits set forth in paragraph J(1) below; and (iii) any incentive payment awarded to the Plaintiff pursuant to paragraph J(2) below. Defendants shall utilize Epiq Systems to administer the settlement, print and mail notices, and/or to distribute Individual Settlement Benefits to Settlement Class Members, but Defendants may, if necessary, select an alternative third-party administrator, subject to approval by Plaintiff, which approval shall not be unreasonably withheld.

3.     Additional Non-Monetary Benefits.

(a)     Option to Terminate the Forbearance. The Class Notice will inform each

Settlement Class Member that he or she has the option, for each of his or her loans, to terminate the forbearance and return to "regular payment" status by following the then-existing procedures of the entity that services the Settlement Class Member's loan(s). The Class Notice will further provide that if a Settlement Class Member elects to terminate the forbearance, any unpaid interest on the Settlement Class Member's student loan that has accrued during a forbearance period up to the date on which the forbearance is terminated will be capitalized as of that date. The Class Notice also will include language providing that a Settlement Class Member who exercises the option to terminate the forbearance may, if he or she chooses, exercise the option to enroll in the Auto Debit program (if Citibank is the then-current loan servicer) or in another "auto pay" program, if any, that may be available to the Settlement Class Member by his or her then-current loan servicer.

      (b)    <u>No mandatory forbearance</u>.  For Servicemembers who are not presently members of the Settlement Class but whose loans are serviced by Citibank in the future and whose loans become SCRA Loans on or after November 30, 2011, Citibank will not automatically place such loans on a forbearance (hereinafter "mandatory forbearance") in order to administer the six percent (6%) interest rate cap under Section 527 of the SCRA. Nothing in this Agreement shall be construed as prohibiting Citibank from advising Servicemembers that Citibank offers a payment postponement program pursuant to which a Servicemember may, if he or she affirmatively chooses, opt to temporarily postpone loan payments during the Period(s) of Military Service. Further, nothing in this Agreement shall be deemed to restrict the rights of any Defendant to set or change the parameters on the maximum length of any forbearance period(s) that are not covered by the express terms of the SCRA. Defendants also retain the right, at their sole discretion, to modify their policies and practices regarding forbearances based on amendments or clarifications of applicable law as enacted or interpreted by the courts, Congress, or federal regulators or as necessary for Defendants to comply with any such amendments, interpretations or clarifications.

      (c)    <u>Election to Reinstate Auto Debit</u>.  A Settlement Class Member who at any earlier time used Citibank's Auto Debit, EZ Pay, or other automated payment program (collectively referred to hereafter as "Auto Debit") may elect to reinstate Auto Debit, if his or her loans continue to be serviced by Citibank, by doing each of the following: (1) terminating the forbearance in the manner noted in paragraph C.3(a) above; and (2) following the procedures and requirements for enrolling in Citibank's Auto Debit system, as applicable as of the time of his or her request, which may include providing all bank account information or other information that Citibank may require in order to implement the requested reinstatement of Auto Debit. Nothing in this Agreement, however, shall be interpreted either to modify any of the current terms, requirements or practices set forth in Citibank's Auto Debit program, or to limit Citibank's right to make any changes to its Auto Debit program at any time in the future.

      4.    Other than the obligations set forth in this paragraph C or as otherwise expressly set forth in this Agreement, Defendants shall have no further financial or other obligations under the terms of this Settlement Agreement. Further, nothing in this Agreement obligates Defendants to implement changes to any loans or accounts that Defendants do not service.

**D.**    <u>**Preliminary Approval**</u>

No later than fourteen (14) days following full execution of this Agreement, the Settling Parties shall promptly request that the Court enter a Preliminary Approval Order, in the form attached as Exhibit D hereto, specifically including provisions that: (i) preliminarily approve the Settlement reflected herein; (ii) conditionally certify the Settlement Class (for settlement purposes only) and appoint Plaintiff as Class Representative and appoint Class Counsel as counsel for the Settlement Class; (iii) approve the form of notice to be provided to the Settlement Class in the form attached hereto as Exhibit C, and find that the form and manner of notice constitutes the best notice practicable under the circumstances, and is due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and of Rule 23 of the Federal Rules of Civil Procedure; (iv) direct that notice be provided to the Settlement Class, in accordance with the Settlement; (v) establish a procedure for Class Members to object to the Settlement or exclude themselves from the Settlement Class and set a date, not later than seventy-five (75) days following the date on which the Class Notice is first sent, after which no one shall be allowed to object to the Settlement or exclude himself or herself from the Settlement Class or seek to intervene in the Action; (vi) pending final determination of whether the Settlement should be approved, bar all Class Members, directly, on a representative basis, or in any other capacity, from commencing or prosecuting against any of the Released Persons any action, arbitration, or proceeding in any court, arbitration forum, or tribunal asserting any of the Released Claims; (vii) pending final determination of whether the Settlement should be approved, stay all proceedings in the Action except those related to the effectuation of the Settlement; and (viii) schedule a hearing on final approval of the Settlement (which final approval hearing, as referenced herein and in paragraph L below, shall take place after the deadline for members of the Settlement Class to opt-out or object and no earlier than one hundred and thirty-five (135) days after entry of a Preliminary Approval Order).

**E.    Class Notice**

**1.    Timing Of Class Notice.**   Class Notice shall initially be mailed by no later than fifteen (15) days following the date of entry of the Preliminary Approval Order, in the form attached hereto as Exhibit D unless modified by the Court, provided that such modifications are agreed to by the parties. The parties agree that if the Class Notice cannot be mailed by the third-party administrator within 15 days following the date of entry of the Preliminary Approval Order, the Defendants shall provide prompt notice to the Court of that fact and explain why more time is needed.

**2.    Method of Notice.**   Citibank N.A., on behalf of itself and the other Defendants, will provide the Mailed Notice to those Persons identified on the Class List. The Mailed Notice referenced in this paragraph will be mailed to the address of record on Defendants' student loan records for the members of the Settlement Class, as such address is reflected on the Class List, updated by a national change of address service. Class Notice shall be sent via bulk or standard mail. In the event Class Notice is returned undeliverable with no forwarding address, Citibank N.A., on behalf of itself and the other Defendants, shall have no further obligation to attempt to obtain a forwarding address. For those returned undeliverable with a forwarding address, Defendants shall re-mail the Class Notice to the indicated forwarding address within thirty (30) days of receipt of the forwarding address.

**3.     Class Notice Costs.**   All costs of providing the Mailed Notice to the Settlement Class shall be paid exclusively by Citibank N.A., on behalf of itself and the other Defendants.

**F.     Allocation of the Settlement Amount Among Settlement Class Members**

1.     Consistent with Defendants' statutory and regulatory obligations to protect their customers' personal and private financial information, Defendants shall provide Class Counsel and Plaintiff's expert witness data – to the extent it exists in reasonably accessible electronic form – sufficient to permit Plaintiff's expert witness to determine the allocation of the Settlement Amount among Settlement Class Members pursuant to this Agreement.

2.     The parties acknowledge that the nature of the claims alleged in the Action necessarily require that estimates be made with respect to any payments to Settlement Class Members because, among other things:  (1) the number of payments made by a Servicemember will impact both the term of the loan and the effect of interest over time; (2) the amount of each payment by a Servicemember will impact both the term of the loan and the effect of interest over time; (3) the interest rates on loans are variable in many instances and may impact the amount and effect of interest over time; (4) the SCRA permits a Servicemember to provide retroactive notice of a Period of Military Service; and (5) each Servicemember's Period(s) of Military Service may be shortened or lengthened at any point in time.

3.     The parties agree that the amount of each Settlement Class Member's Individual Settlement Benefit, i.e., the distribution from the Settlement Amount, shall be determined using the methodology described below.  In addition, a Servicemember with multiple SCRA loans will receive a payment for each loan, although the amount of payments on each loan may not be identical.

(a)     For each SCRA Loan where any SCRA forbearance or related transition forbearance had not ended by November 30, 2011, the payment from the Settlement Amount for each such loan will be the fixed amount of $50.

(b)     For each SCRA Loan that either (a) is a subsidized loan, pursuant to which the government pays the interest during a military deferment or forbearance period and had no capitalized interest, or (b) had no capitalized interest and all SCRA forbearances and related transition forbearances ended prior to November 30, 2011, the payment from the Settlement Amount for each such loan will be the fixed amount of $50.

(c)     For each SCRA Loan where all SCRA forbearances and related transition forbearances ended on or before November 30, 2011 and interest was capitalized on the SCRA Loan, the minimum payment amount on each such loan will be $50.  An additional, *pro rata* amount, if any, will be paid on each such loan according to the following methodology utilized by Plaintiff's expert:

(1)     Plaintiff's expert will execute an algorithm that computes excess loan interest as a function of average loan balance, average capitalized interest, an average

assumed interest rate and the loan term for each Graduate Loan category and Undergraduate Loan category. The algorithm assumes that each Servicemember makes only the minimum payment on each one of his or her SCRA Loans over the remaining term of each such SCRA Loan, which term shall be assumed to be 130 months for Undergraduate Loans and 160 months for Graduate Loans.

(2)     For each Graduate Loan category and Undergraduate Loan category, the method of determining additional *pro rata* payments to Class Members from the Settlement Amount for each SCRA Loan that falls within paragraph F.3(c) will be to utilize the average loan size (assumed to be the total disbursement amount of each loan) for each respective category of Graduate and Undergraduate loans, the average amounts of capitalized interest on each such category, appropriate loan term and appropriate interest rate and then computing. the alleged excess interest that occurs over time.

(d)     The portion of the Settlement Amount available for *pro rata* allocations under paragraph F.3(c) shall be determined after each SCRA Loan that falls within the Settlement Class first is allocated $50. Notwithstanding any other provision in this Agreement, however, in no event shall Defendants' total obligation to the Settlement Class for all SCRA Loans exceed, in the aggregate, $2.32 million ($2,320,000).

(e)     The parties agree that the foregoing allocation formula is being used exclusively for the purpose of calculating, in a reasonable and efficient fashion, the amount of alleged excess interest charged to each identifiable Settlement Class Member and the amount of any distribution each Settlement Class Member should receive from the Settlement Amount. The fact that this allocation formula is used herein is not intended to and shall not be used for any other purpose or objective whatsoever.

4.     Class Counsel and their expert shall perform an initial calculation of their estimated allocation of Settlement Benefits to each SCRA Loan of each Settlement Class Member according to the methodology discussed in paragraph F.3 above. Class Counsel shall provide Defendants with the estimated allocations for their review and approval so that Class Counsel may incorporate them into the Class List prior to the date on which the parties seek preliminary approval of the settlement. After the time period set forth in paragraph H for opting out has passed, and prior to the Effective Date, Class Counsel and their expert shall re-calculate the allocations to each Settlement Class Member to account for any opt-outs. Class Counsel and their expert shall then update the Class List to reflect the re-calculated allocations. Class Counsel shall provide the re-calculated proposed allocations to Defendants prior to the Effective Date for their review and approval. Distribution of the Settlement Benefits shall then be made in accordance with paragraph G below.

## G.     Distribution of Settlement Benefit

1.     Provided the Effective Date has occurred, Settlement Benefits shall be distributed to Settlement Class Members via a check payment. If there are two or more borrowers on a single SCRA Loan, only one Settlement Benefit in the amount shown on the Class List for such SCRA Loan will be provided to or on behalf of the borrowers on that particular loan. Settlement Benefits shall be distributed no later than sixty (60) days after the Effective Date. Settlement

Benefits may be distributed via check as follows:

2.     Each Settlement Class Member shall receive a share of the Settlement Amount based on each Class Member's number of SCRA Loans and the specific Graduate Loan and/or Undergraduate Loan category(ies) on which such Settlement Class Member is obligated to Defendants. Plaintiff's expert shall perform the average calculations and provide the breakdown of payments to Defendants prior to the Effective Date. Notwithstanding any other provision in this Agreement, however, in no event shall Defendants' total obligation to the Settlement Class for all SCRA Loans exceed, in the aggregate, $2.32 million ($2,320,000).

3.     Settlement Benefits distributed by check shall be mailed to the Settlement Class Member at the address indicated for such member on the loan records of Defendants for such Class Member, as such address is reflected on the Class List, updated by a national change of address database and/or any forwarding address received as a result of mailing Class Notice. Check payments shall be issued in the name(s) of the SCRA Loan holder(s) as shown on the loan records of Defendants, as such name(s) is/are reflected on the Class List. Each check mailed shall bear a conspicuous legend indicating that it will be void if not cashed within one-hundred twenty (120) days after issuance. Any Settlement Class Member who fails to cash their check within this time period shall forfeit their right to payment, but shall nevertheless be bound by this Settlement Agreement, including its release provisions.

4.     Returned checks plus the amounts attributable to checks that remain uncashed as of the 121st day after issuance shall not permanently revert to Defendants. Instead, Citibank shall deposit such returned checks and amounts into an interest-bearing account. During the first 90 days thereafter, Citibank may, at its sole discretion, re-issue checks to those Settlement Class Members, if any, who request re-issuance notwithstanding the fact that their checks either were returned to Citibank or became void because the checks were uncashed within the time period set forth in paragraph G.3. Defendants will provide a list of any such re-issued checks to Class Counsel. Provided the Effective Date (as defined above) has occurred, all remaining amounts in the interest-bearing account shall, within 360 days after the Effective Date, be paid by Citibank as follows:  50 percent of the amount in the account shall be paid as a 501(c)(3) contribution to Fisher House, and the other 50 percent in the account shall be paid as a 501(c)(3) contribution to VeteransPlus. At the time those contributions are made, Defendants' counsel and Class Counsel shall send a joint transmittal letter to each organization noting that these payments are being made pursuant to this Agreement. Notwithstanding any other provision of this Agreement, in the event a Settlement Benefits check either becomes void or is returned to Citibank within 120 days after it was first issued, the Settlement Class Member(s) shall forfeit any right to payment, but this Agreement shall in all other respects continue to be fully enforceable against the Settlement Class Member. The Settling Parties will not be responsible for re-mailing any returned checks, for lost, destroyed, or stolen checks, or for confirming the validity of any signature or current address of any Settlement Class Member.

5.     In the event of a dispute as to any distribution of a Settlement Benefit to a Class Member, such dispute shall be resolved by the Court, consistent with the terms of this Settlement Agreement.

6.    For those Settlement Class Members who have a loan account balance as of the time Settlement Benefits become due under this Agreement, Defendants, at their discretion and in lieu of a check, may distribute the Settlement Benefit via a credit to the Settlement Class Member's loan account with Defendants. In those circumstances, Defendants shall notify the affected Class Members of their credit, and provide a brief explanation that the credit has been made as a payment in connection with the Class Member's membership in the Settlement Class. Defendants shall provide such notice of account credit in or with the account statement on which the credit is reflected. Citibank N.A., on behalf of itself and the other Defendants, will bear any costs associated with implementing the account credits and notification set forth in this paragraph.

## H.    Opt-Out Right

Prospective Settlement Class Members shall be given the opportunity to opt out of the Settlement Class. All requests by Settlement Class Members to be excluded must be in writing and postmarked by the date specified in the Preliminary Approval Order and Class Notice (which date shall be no later than seventy-five (75) days following the date on which the Class Notice is first sent). A request for exclusion that is not timely postmarked or that is sent to an address other than that set forth in the Class Notice shall be invalid and the person(s) serving such request shall be a Settlement Class Member and be bound by this Agreement.

Exclusion requests must: (i) be signed by all borrowers for the SCRA Loan; (ii) include the full name, address and loan number(s) of the person(s) requesting exclusion; (iii) be timely postmarked and mailed to the address provided in the Class Notice [address to be provided by Defendants]; and, (iv) include the following statement "I/we request to be excluded from the class settlement in Olson v. Citibank, et al., Case No. 10-cv-02992 (D. Minn.)." No request for exclusion will be valid unless it complies with all the foregoing requirements and includes all of the information described above. For any person in the Settlement Class who has more than one SCRA Loan, the exclusion request must specify each separate SCRA Loan from which the Settlement Class Member wishes to be excluded. Defendants will retain a copy of all requests for exclusion and will provide a copy of any such requests (with SCRA Loan numbers, except for the last four digits, redacted) to Class Counsel within seven business days following expiration of the deadline for submitting requests for exclusion. Class Counsel will keep any such opt-out information confidential and use it only for purposes of determining whether a person has properly opted out.

No Class Member may purport to exercise any exclusion rights of any other person, or purport to exclude other Class Members as a group, aggregate, or class involving more than one person, or as an agent or representative. Any such purported exclusion shall be invalid and the Class Member(s) that is or are the subject of the purported opt-out shall be a member of the Class and treated and be bound as a Settlement Class Member for all purposes.

All persons in the Settlement Class who exclude themselves from the Settlement Class will not be eligible to receive any Settlement Benefit, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against Defendants by filing their own lawsuit

or arbitration at their own expense.

## I.    Objections To The Settlement

Any Settlement Class Member who has not previously opted out in accordance with the terms of this Agreement may object to the settlement and appear at the hearing on final approval to argue that the proposed Settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees and the incentive award to the Plaintiff.

In order to object, and/or be heard on such objection at the hearing on final approval, the Settlement Class Member must make any Objection in writing, stating the grounds and reasons therefor, and file it with the Court within the date specified in the Class Notice (which date shall be no later than seventy-five (75) days after the date on which the Class Notice is first sent). The Objection must also be mailed to both of the following, postmarked by the last day to file in Court the Objection:

Class Counsel:

Vildan Teske
Crowder Teske, PLLP
222 South Ninth Street, Suite 3210
Minneapolis, MN  55402

Counsel for Defendants:

Lucia Nale
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL  60606

To be considered valid, each Objection must be timely filed and served (as judged by the filing deadline and postmark date set forth), and must (i) set forth the Class Member's full name, current address, telephone number, and SCRA Loan number(s); (ii) contain the signatures of all borrowers on the SCRA Loan(s); (iii) state that the Class Member objects to the Settlement, in whole or in part; (iv) set forth a statement of the legal and factual bases for the objection; and (v) provide copies of any documents that the Class Member wishes to submit in support of his/her position. Any Class Member who wishes to appear at the final approval hearing in person instead of submitting only written objections, must also file a notice of intention to appear with the Clerk of the Court, and serve the notice on Class Counsel and Counsel for Defendants, by the date specified herein. Any Class Member who fails to object in the manner prescribed herein and in the Preliminary Approval Order shall be deemed to have waived his or her objection and forever be barred from making any such objection in the Action.

## J.    Attorneys' Fees Award And Incentive Award For Plaintiff

1.    Attorneys' Fees And Costs. Defendants agree not to oppose an application by Class Counsel for attorneys' fees, expenses and costs (collectively "Attorneys' Fees and Costs") in an amount not to exceed six hundred and fifty thousand dollars ($650,000), subject to Court approval. However, Defendants shall only be obligated to pay the amount of Attorneys' Fees actually awarded by the Court not exceeding the total amount of $650,000. Citibank N.A., on behalf of itself and the other Defendants, will pay such Attorneys' Fees and Costs or such lesser amount ordered by the Court to Lead Class Counsel within ten (10) business days after the later of the Effective Date or after any order on Attorneys' Fees is final and non-appealable. The

Settlement and the effectiveness of this Agreement is not conditioned upon the Court's approval of the fees or costs sought by Class Counsel. In addition, no interest will accrue on such amounts at any time. Class Counsel will submit a petition for Attorneys' Fees and Costs, consistent with the terms of this Agreement, no later than five (5) days prior to the date of the Final Approval hearing. Lead Class Counsel also agrees to provide a completed W-9 Form for Lead Class Counsel and a W-9 Form for Plaintiff reasonably in advance of any payments that may be due from Defendants pursuant to any of the terms of this Agreement. By signing this Agreement, Class Counsel acknowledge and agree that the entire amount of the court-approved Attorneys' Fees and Costs (not to exceed the total amount of $650,000) shall be paid by Defendants to Lead Class Counsel. Except for that payment, Class Counsel hereby release the Released Parties from any and all claims for attorney's fees, by lien or otherwise, for any legal or other services rendered in connection with the Action. Class Counsel further agree that Lead Class Counsel shall be responsible for distributing any portions of the Attorneys' Fees and Costs among Class Counsel. Accordingly, Class Counsel represent and warrant that they shall indemnify and hold the Released Parties harmless from any claims that may be raised by or between Class Counsel and Lead Class Counsel as to the apportionment of Attorneys' Fees and Costs.

2.     Incentive Payment To Plaintiff. Defendants agree not to oppose an application by Plaintiff for an incentive payment, subject to the Court's approval, in the amount of seven thousand and five hundred dollars ($7,500). In addition, Citibank N.A., on behalf of itself and the other Defendants, agrees to make a Settlement Benefit payment to Plaintiff, in the amount of two hundred and thirty dollars and sixteen cents ($230.16), to be updated to account for opt-outs, if any, pursuant to paragraph F.4, for the alleged excess interest she otherwise allegedly would incur on her student loan account. The incentive payment and Settlement Benefit payment are in lieu of any other distribution, payment or benefit hereunder and Plaintiff shall not be entitled to any other distribution under the Settlement. However, Defendants shall only be obligated to pay the amount of an incentive payment actually awarded by the Court not exceeding the total amount of $7,500 and in no event shall the total payment to plaintiff exceed the amount of the incentive award plus the claim payment. Defendants will pay such incentive payment award, and claim payment, within ten (10) business days after the later of the Effective Date or after any order on such incentive payment award and/or claim payment award is final and non-appealable. The Settlement and Effectiveness of this Agreement is not conditioned upon the Court's failure to approve an incentive payment award or Settlement Benefit payment award to Plaintiff, or the failure to approve an award in the full amount requested by Plaintiff.

3.     Tax Obligations. Plaintiff and Class Counsel expressly agree and acknowledge that they and each Settlement Class Member shall be responsible for any and all tax obligations, related to any payments referenced in any sections of this Agreement. Defendants make no representations about the tax ramifications, if any, of any payments made pursuant to this Agreement.

## K.     Release Of Claims

1.     As of the date of Final Judgment in this Action, Plaintiff, on behalf of herself and on behalf of each Settlement Class Member who has not opted out of the Settlement Class, and

on behalf each and any of their respective heirs, executors, administrators, representative, agents, attorneys, and assigns (collectively the "Releasing Parties"), acknowledges full satisfaction of, and fully, finally and forever settles with, releases and discharges the Released Parties (as defined below) of and from all Released Claims (as defined below).  Subject to Court approval of this Agreement, all Settlement Class Members who do not opt out shall be bound by this Agreement and all of their claims shall be dismissed with prejudice and released even if they never received personal notice of the Action or its settlement.

2.      For purposes of this Agreement, "Released Parties" means and includes Citibank, N.A., Citibank (New York State), The Student Loan Corporation, and each and all of their respective present, former and future (i) direct and indirect parent companies, affiliates, subsidiaries, agents, departments, divisions, predecessors-in-interest (whether by merger, acquisition or otherwise), successors, assigns or transferees; and, (ii) all employees, stockholders, officers, directors, representatives, agents, attorneys, partners, contractors, servants, vendors and assigns of the aforementioned persons and entities.

3.      For purposes of this Agreement, "Released Claims" means and includes any and all claims, demands, obligations, actions, causes of action or liabilities, whether arising under local, state or federal law, whether by Constitution, statute, contract, common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, including, but not limited to, breach of contract, unjust enrichment, money had and received, specific performance, promissory estoppel, fraud, violation of state consumer protection or unfair competition statutes, or violation of the SCRA, which Plaintiff or any Settlement Class Member or any Releasing Party has had, now has, or may ever have in the future, that arise out of, are based upon or are related to any or all of the acts, omissions, facts, matters, transactions, occurrences, or claims that were or could have been alleged, asserted or described in the Action.  The foregoing release includes, by way of example but not limitation, any and all claims for relief arising out of, based upon, or relating to: (i) the capitalization of interest at, and/or the interest on interest capitalized at, the end of a forbearance arising out of or connected in any way with any SCRA Loan identified on the Class List for which interest rate relief was requested or provided under the SCRA, (ii) the availability of monthly statements or Auto Debit options in connection with any SCRA Loan identified on the Class List for which interest rate relief was requested or provided under the SCRA, (iii) the placement of a mandatory forbearance or other forbearance on any SCRA Loan as a condition of implementing the six percent (6%) interest rate cap under Section 527 of the SCRA, and (iv) Sections 518 and 527 of the SCRA.

4.      With respect to Plaintiff, the Released Claims also shall specifically include, up to the Effective Date, any and all claims, actions, causes of action or liabilities of any kind, whether arising under local, state or federal law, whether by Constitution, statute, contract, common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, that relate in any way to the loans at issue in the Action.

5.      Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the

Settlement, and the releases contained therein, becomes effective. Plaintiff and each Settlement Class Member who does not opt out, for themselves, their heirs, executors, administrators, attorneys, successors and assigns, and each of them, past and present, further acknowledge that section 1542 of the California Civil Code provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

Likewise, this paragraph constitutes a waiver of, without limitation as to any other applicable law, Section 20-7-11 of the South Dakota Codified Laws, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

Plaintiff and each Settlement Class Member who does not opt out understand and acknowledge the significance of these waivers of California Civil Code Section 1542, Section 20-7-11 of the South Dakota Codified Laws and/or of any other applicable law relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiff and each Settlement Class Member who does not opt out acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the settlement, but that it is their intention to release fully, finally and forever all Released Claims, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts. Plaintiff and each Settlement Class Member who does not opt out have been advised and/or are hereby advised of this waiver, and agree and acknowledge that this waiver is an essential term of this Agreement.

6.     Subject to Court approval, the foregoing release shall apply to and bind Plaintiff and all Settlement Class Members who do not opt out, as well as those Settlement Class Members whose class notices are returned as undeliverable, those who do not negotiate checks sent to them, and/or those for whom no current address can be found, and shall bar all claims of the Plaintiff and such Settlement Class Members that are the subject of the foregoing Release.

7.     Nothing in this Agreement is intended as, or shall be interpreted as, a release by any of the Defendants or any Released Parties from asserting any rights or claims, either against Plaintiff or any member of the Settlement Class, with respect to any of their obligations under their loan agreements from the date of this Agreement going forward. Rather, Defendants and the Released Parties reserve all of their rights and remedies as to each and every loan made to each Settlement Class Member, including, by way of example only and without limitation, any delinquent payments or loan defaults.

L.    **Final Approval Order**

Following entry of the Preliminary Approval Order, the provision of Class Notice as set forth herein and expiration of the time for opt-outs and objections, the Settling Parties shall, at the final approval hearing, promptly request from the Court entry of a Final Approval Order and Judgment of Dismissal in the forms attached as Exhibits A and B hereto, specifically including provisions that: (i) find that notice of the Settlement was the best notice practicable under the circumstances and was due and sufficient notice to the Settlement Class, and that such notice fully satisfied the requirements of due process, and the requirements of Federal Rule Civil Procedure 23; (ii) approve the Settlement and find that this Agreement is fair, reasonable and adequate and in the best interests of the Settlement Class; (iii) confirm that Plaintiff and the Settlement Class Members have released all Released Claims, as set forth above, and permanently bar and enjoin Plaintiff, and all Settlement Class Members, from asserting, commencing, prosecuting, or continuing any of the Released Claims against Defendants or any of the Released Parties; and (iv) dismiss the Action with prejudice as to the Settlement Class and Plaintiff and dismiss the Action without prejudice as to the remainder of the putative class that is not a part of the Settlement Class, subject to the Court's retaining jurisdiction over the enforcement of the terms of this Agreement.   The Final Approval Order may also contain provisions for the award of attorneys' fees and costs and the incentive award as set forth herein.

M.    **Effect Of Settlement**

Neither this Agreement nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of the Released Parties; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, arbitration, or other tribunal; (iii) is or may be deemed to be a waiver of Defendants' rights to seek to enforce its arbitration provision in other cases or against any individuals who opt out of the Settlement; or (iv) is or may be construed as, or deemed to be evidence of, a waiver of any applicable statute of limitations or any other defense or plea in abatement.   The Released Parties may file the Agreement and/or the Final Approval Order and Judgment of Dismissal in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

N.    **Defendants' Right to Withdraw/Terminate**

1.    Effect Of Opt-Outs.   If the number of persons in the Settlement Class who submit a timely and valid opt-out (*i.e.*, request exclusion) exceeds six percent (6%) of those who are provided with Mailed Notice, then Defendants in their sole discretion will have the right to terminate the Settlement.   In the event that the Settlement is terminated pursuant to this provision, the Settling Parties will be returned to the status quo ante as if no settlement had been negotiated or entered into and the Settlement Class shall be decertified.   Any option to withdraw

under this provision must be filed by Defendants no later no later than fifteen days (15) days after the deadline for opt-outs contained in paragraph H above. Class Counsel agree that they cannot and will not represent individuals who opt out of the Settlement Class in connection with any claims brought by such individuals that arise out of or relate to the same claims that Plaintiff has filed in the Action. Class Counsel also agree that they will not solicit any individuals to opt out of or object to the Settlement Agreement or to file any claims against the Defendants that are subject to this Settlement Agreement.

2.   Failure Of Conditions. If, for any reason, any or all of the conditions specified in paragraph A.8 above (regarding the Effective Date) are not met and this Settlement fails to become effective, or a Final Approval Order and Judgment of Dismissal is not entered as provided for in paragraph L, or the Court for any reason determines not to approve this Agreement or conditions its approval on substantive changes in Defendants' obligations, or the Court's approval is modified, reversed, or set aside on appeal, any and all orders, judgments. and/or dismissals entered or to be entered pursuant to this Agreement shall be vacated, and the Settling Parties shall be returned to the status quo ante with respect to the Action as if this Agreement had never been entered into.

**O.**   **Evidentiary Preclusion**

In the event that the Settlement is not approved as presented, or Defendants withdraw from the Settlement as set forth herein, the Settling Parties agree that neither the Settlement nor its terms, nor any publicly disseminated information regarding the Settlement, including, without limitation, the Class Notice, court filings, orders and public statements, may be used as evidence for any purpose whatsoever. In addition, neither the fact of Defendants' withdrawal from the Settlement, nor any failure of the Court to approve the Settlement, nor any objections or interventions or documents relating to any of the foregoing, may be used as evidence for any purpose whatsoever.

**P.**   **Stay/Bar Of Other Proceedings**

All proceedings in the Action as to Defendants will be stayed following Preliminary Approval of the Settlement, except as may be necessary to implement the Settlement or comply with the terms of the Settlement. Pending determination of whether the Settlement should be granted final approval, the Settling Parties agree not to pursue in the Action any claims or defenses otherwise available to them in the Action as relates to Defendants, and no Settlement Class Member, either directly, on a representative basis or in any other capacity, will commence or prosecute against any of the Released Persons any action or proceeding asserting any of the Released Claims.

**Q.**   **Dismissal With Prejudice**

Upon Final Approval, this Action shall be dismissed with prejudice as to Plaintiff and the Settlement Class.

**R.**   **No Publicity Beyond Notice Procedures**

1.    The only press release which may be issued by either party or their counsel is the joint release in paragraph R.3 below.  Provided the Final Approval Order has been entered, the joint press release will be issued once on a date following entry of the Final Approval Order, and will not be issued at any other time.  Any oral communications regarding this matter or its settlement to the media shall be consistent with this Agreement, the Court's Orders and the language of the Press Release.  No party shall disparage any other party in any fashion.

2.    Except as required by law or as agreed upon in writing by the Settling Parties, Class Counsel and/or Plaintiff will not issue any other press releases or comment for publication in any media (including, but not limited to, print or electronic media) regarding the Settlement unless Defendants agree to such press releases or public statements in advance, and Class Counsel and/or Plaintiff will make no statements of any kind to any third party regarding the Settlement prior to applying for preliminary approval.  Further, Class Counsel and/or Plaintiff shall not cause, encourage, or in any way facilitate comment for publication in any media by Settlement Class Members or others on the terms of the Agreement or the negotiations which culminated in this Settlement.  In the event of an inquiry from a member of the media, Class Counsel and/or Plaintiffs shall refer the media to the Settlement Agreement and Exhibits thereto, the Orders for Preliminary and Final approval, and the Mailed Notice, as available on the website in paragraph R.4 below.  This provision will not prohibit Class Counsel from communicating with any person in the Settlement Class regarding the Action or the Settlement; provided, however, that Class Counsel must comply with all confidentiality agreements and any Protective Order in the Action in communicating with such persons, and will not disclose information that is not a part of the public record.  The Settling Parties recognize that this limited confidentiality provision has significant value.

3.    The joint press release shall state:  "The parties to litigation concerning the Servicemembers Civil Relief Act ("SCRA") have announced a comprehensive settlement of a federal court suit involving student loans serviced by Citibank NA. and certain related entities.  Under Section 527 of the SCRA, Servicemembers with qualifying loans may request certain interest rate relief that essentially caps the maximum interest rate that may be charged on their loans to no more than 6% during the servicemember's period of military service.    The settlement resulted from a putative class action lawsuit filed by Major Lyndsey M.D. Olson ("Olson") in which Olson challenged the manner in which Citibank administered the student loans of servicemembers who were granted the 6% interest rate cap.  In particular, Olson alleged that Defendants' placement of student loans on forbearance as part of its implementation of the 6% interest rate cap violated the requirements of the SCRA.  Defendants denied that their actions violated the SCRA or otherwise were unlawful.  The Court made no rulings on the merits of Olson's allegations.  The settlement provides for monetary payments to eligible Settlement Class Members, subject to the terms of the parties' settlement agreement.  Eligible Settlement Class Members may be entitled to certain non-monetary benefits as well.  You can get more information about the settlement by reviewing the docket in the case of *Olson v. Citibank, et al.*, Case No. 10-cv-2992, in United States District Court for the District of Minnesota."

4.    The third party administrator shall maintain a website to be entitled www.olsonsettlement.com that will be established for the purpose of including links to the

Settlement Agreement and Exhibits thereto, the Preliminary and Final Approval Orders, and the Class Notice. The language of the press release and a list of the documents available on the website – which include only the Settlement Agreement and Exhibits thereto, the Preliminary Approval Order, the Final Approval Order, and the Class Notice – will be provided on the home page of the website. No other documents shall be included on the website. The website shall not include the names, logos, legends or any other information of or attributable to any of the Defendants. The website shall remain in place until 120 days after the Effective Date.

**S.     Confidentiality**

Any and all drafts of this Agreement and drafts of other settlement documents will remain confidential and will not be disclosed or duplicated except as necessary to obtain preliminary and/or final court approval. It is agreed that, within thirty (30) days after conclusion of the Action and any appeals therefrom, the originals and all copies of all confidential documents and/or information subject to all confidentiality agreements and any Protective Order in the Action shall be returned to the designating party, pursuant to the provisions of the Protective Order.

Class Counsel may retain a copy of the Class List; however, Class Counsel acknowledges and agrees that the Class List and information reflected therein is and shall be kept and maintained as strictly confidential. Class Counsel acknowledges and agrees that they may not disclose the Class List, that they may use the Class List solely for purposes of determining whether a person is a member of the Settlement Class and/or their Individual Settlement Benefit amount, and that they may not use the Class List for any other purpose whatsoever. In the event of any judicial use of the Class List in a dispute involving this Agreement, the Class List must be filed under seal with the appropriate court. This paragraph is not intended to suggest that Class Counsel is prohibited from communicating with Settlement Class Members. Rather, this paragraph specifically relates to the confidentiality of the Class List.

**T.     General Provisions**

1.     This Agreement constitutes the entire agreement between and among the Parties with respect to the settlement of the Action. This Agreement supersedes all prior negotiations and agreements and may not be modified or amended except by a writing signed by or on behalf of Plaintiff, the Settlement Class, Defendants, and their respective attorneys.

2.     The Settling Parties hereto shall execute all documents and perform all acts necessary and proper to effectuate the terms of this Agreement.

3.     This Agreement may be signed in one or more counterparts.

4.     No party to this Agreement has heretofore assigned, transferred or granted, or purported to assign, transfer or grant, any of the claims, demands, or cause or causes of action disposed of by this Agreement.

5.     The terms of this Agreement are contractual and are the result of negotiation

among the Settling Parties.  Each of the Settling Parties, in consultation with his, her or its attorneys, has cooperated in the drafting and preparation of this Agreement.  Hence, in any construction to be made of this Agreement, the same shall not be construed against any of the Settling Parties.  In addition, no party may seek to rescind this Agreement on the grounds of mistake either of fact or law.

6.     This Agreement has been carefully read by each of the Settling Parties, or their responsible officers thereof, and its contents are known and understood by each of the Settling Parties.  This Settlement Agreement is signed freely by each party executing it.

7.     The individual(s) executing this Agreement on behalf of any party represent that he or she is fully authorized to execute this Agreement on such party's behalf.

8.     Each party to this Agreement warrants that he, she or it is acting upon his, her or its independent judgment and upon the advice of his, her or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

9.     Each and every exhibit to this Agreement is an integral and material part of this Agreement and is incorporated herein by this reference as though fully set forth herein.

10.    The waiver by one party of any breach of this Agreement by any other Party shall not be deemed a waiver, by that party or by any other party, of any other prior or subsequent breach of this Agreement.

11.    This Agreement is binding upon, and inures to the benefit of, Plaintiff, and each of her heirs, successors, assigns, and/or personal representatives, the Settlement Class Members, and Defendants, the Released Parties, and each of their successors, predecessors, parents, subsidiaries and affiliated entities.

12.    To the extent applicable, Defendants shall comply with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. Section 1715(b), and provide notice in accordance with the provisions of that statute.

13.    This Agreement shall be construed, enforced and administered in accordance with the laws of the State of Minnesota.

14.    In the event any one or more of the provisions contained in this Agreement shall for any reason be held by a court of competent jurisdiction to be invalid, illegal or unenforceable in any respect, such invalid, illegal or unenforceable provision shall be ineffective but shall not in any way invalidate or otherwise affect any other provision.

15.    All letters, notices, requests, demands or other communications required or permitted to be given to the Parties hereto pursuant to this Agreement shall be in writing and shall be delivered personally or mailed, postage prepaid, by first class or overnight to the undersigned persons, care of their respective undersigned counsel of record as indicated below,

except the Class Notice and any compensation in the form of Settlement Benefits shall be sent directly to the Settlement Class Members as provided in this Agreement.

16.     The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

THIS AGREEMENT MAY BE EXECUTED IN COUNTERPARTS.

**IN WITNESS WHEREOF, the Settling Parties hereto have caused this Agreement to be executed, dated as of March 15, 2012.**

**PLAINTIFF LYNDSEY M.D. OLSON**

Signed: *Lyndsey M.D. Olson*

Printed Name: *LYNDSEY MD OLSON*


**DEFENDANT CITIBANK, N.A.**

By:_____

Its:_____

**DEFENDANT THE STUDENT LOAN CORPORATION**

By:_____

Its:_____


**APPROVED AS TO FORM:**


By:_____
Vildan A. Teske
William H. Crowder
Crowder Teske, PLLP
222 South Ninth Street, Suite 3210
Minneapolis, MN 55402
LEAD CLASS COUNSEL ON BEHALF OF
PLAINTIFF LYNDSEY M.D. OLSON AND THE CLASS

except the Class Notice and any compensation in the form of Settlement Benefits shall be sent directly to the Settlement Class Members as provided in this Agreement.

16.    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

THIS AGREEMENT MAY BE EXECUTED IN COUNTERPARTS.

**IN WITNESS WHEREOF, the Settling Parties hereto have caused this Agreement to be executed, dated as of March 15, 2012.**

**PLAINTIFF LYNDSEY M.D. OLSON**

Signed: _____

Printed Name:_____

**DEFENDANT CITIBANK, N.A.**

By: *Calvin C Ballest*

Its: *Authorized Signatory*

**DEFENDANT THE STUDENT LOAN CORPORATION**

By:_____

Its:_____

**APPROVED AS TO FORM:**

By:_____
Vildan A. Teske
William H. Crowder
Crowder Teske, PLLP
222 South Ninth Street, Suite 3210
Minneapolis, MN  55402
LEAD CLASS COUNSEL ON BEHALF OF
PLAINTIFF LYNDSEY M.D. OLSON AND THE CLASS

except the Class Notice and any compensation in the form of Settlement Benefits shall be sent directly to the Settlement Class Members as provided in this Agreement.

16.    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

THIS AGREEMENT MAY BE EXECUTED IN COUNTERPARTS.

**IN WITNESS WHEREOF, the Settling Parties hereto have caused this Agreement to be executed, dated as of March 15, 2012.**

**PLAINTIFF LYNDSEY M.D. OLSON**

Signed: _____

Printed Name:_____

**DEFENDANT CITIBANK, N.A.**

By:_____

Its:_____

**DEFENDANT THE STUDENT LOAN CORPORATION**

By:_____

Its: _PRESIDENT, THE STUDENT LOAN CORPORATION_

**APPROVED AS TO FORM:**

By:_____
Vildan A. Teske
William H. Crowder
Crowder Teske, PLLP
222 South Ninth Street, Suite 3210
Minneapolis, MN  55402
LEAD CLASS COUNSEL ON BEHALF OF
PLAINTIFF LYNDSEY M.D. OLSON AND THE CLASS

except the Class Notice and any compensation in the form of Settlement Benefits shall be sent directly to the Settlement Class Members as provided in this Agreement.

16. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

THIS AGREEMENT MAY BE EXECUTED IN COUNTERPARTS.

**IN WITNESS WHEREOF, the Settling Parties hereto have caused this Agreement to be executed, dated as of March 15, 2012.**

**PLAINTIFF LYNDSEY M.D. OLSON**

Signed: _____

Printed Name:_____

**DEFENDANT CITIBANK, N.A.**

By:_____ .

Its:_____

**DEFENDANT THE STUDENT LOAN CORPORATION**

By:_____

Its:_____

**APPROVED AS TO FORM:**

By: *Vildan A. Teske*
Vildan A. Teske
William H. Crowder
Crowder Teske, PLLP
222 South Ninth Street, Suite 3210
Minneapolis, MN 55402
LEAD CLASS COUNSEL ON BEHALF OF
PLAINTIFF LYNDSEY M.D. OLSON AND THE CLASS

By: _____
Richard J. Fuller
Attorney at Law
400 South Fourth Street, Suite 202
Minneapolis, MN  55415
CLASS COUNSEL ON BEHALF OF
PLAINTIFF LYNDSEY M.D. OLSON AND THE CLASS


By:_____
Martin A. Carlson
Law Offices of Martin A. Carlson
247 Third Avenue South
Minneapolis, MN  55415
CLASS COUNSEL ON BEHALF OF
PLAINTIFF LYNDSEY M.D. OLSON AND THE CLASS


By:_____
Lucia Nale
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL  60606
COUNSEL FOR DEFENDANTS

700877699.17

By:_____
Richard J. Fuller
Attorney at Law
400 South Fourth Street, Suite 202
Minneapolis, MN  55415
CLASS COUNSEL ON BEHALF OF
PLAINTIFF LYNDSEY M.D. OLSON AND THE CLASS


By:_____
Martin A. Carlson
Law Offices of Martin A. Carlson
247 Third Avenue South
Minneapolis, MN  55415
CLASS COUNSEL ON BEHALF OF
PLAINTIFF LYNDSEY M.D. OLSON AND THE CLASS


By:_____
Lucia Nale
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL  60606
COUNSEL FOR DEFENDANTS

700877699.17

By:_____
Richard J. Fuller
Attorney at Law
400 South Fourth Street, Suite 202
Minneapolis, MN 55415
CLASS COUNSEL ON BEHALF OF
PLAINTIFF LYNDSEY M.D. OLSON AND THE CLASS

By:_____
Martin A. Carlson
Law Offices of Martin A. Carlson
247 Third Avenue South
Minneapolis, MN 55415
CLASS COUNSEL ON BEHALF OF
PLAINTIFF LYNDSEY M.D. OLSON AND THE CLASS

By:_____
Lucia Nale
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
COUNSEL FOR DEFENDANTS

23

**[EXHIBIT A TO SETTLEMENT AGREEMENT]**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| MS. LYNDSEY M.D. OLSON, on behalf of herself and all others similarly situated,    ) ) ) | |
| Plaintiff,    ) ) ) | The Honorable Paul A. Magnuson, |
| v.    ) ) | *Judge Presiding.* |
| CITIBANK (New York State), CITIBANK, N.A., and THE STUDENT LOAN CORPORATION,    ) ) ) ) | Case No. 0:10-cv-02992-PAM-JJK |
| Defendants.    ) ) | |

---

**[PROPOSED] FINAL APPROVAL ORDER**

This matter coming to be heard pursuant to a motion for Final Approval of the proposed Settlement, a hearing on the fairness of the proposed Settlement having been held, at which objectors to the Settlement could appear or be heard, and the Court being fully advised in the premises, the Court hereby finds and orders that:

1.    On March ___, 2012, this Court entered an order preliminarily approving a Settlement between Plaintiff Lyndsey M.D. Olson ("Olson") and Defendants Citibank (New York State), Citibank, N.A. and The Student Loan Corporation  (collectively "Defendants"). This order preliminarily approved the Settlement, provisionally certified a Settlement Class, approved a form of Class Notice (as specified in the Settlement Agreement, which is hereby incorporated by reference in this Order as if fully set forth herein[1]), authorized the mailing of the

---

[1]   First-letter capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning and definition as in the Settlement Agreement.

Class Notice, and ruled that the Class Notice complies with the terms of the Settlement Agreement and due process.

2.     The Court scheduled a fairness hearing, or Final Approval Hearing, for _____, 2012, and directed the Parties to notify the Class Members of this Final Approval Hearing as part of the Class Notice.

3.     The Court finds that Defendants, in accordance with the terms of the Settlement Agreement and the Preliminary Approval Order, caused notice of the Settlement to be timely mailed by _____, 2012 to all Class Members identified on the Class List.  Any notices returned with forwarding addresses were re-mailed to those forwarding addresses within 30 days, as required by the Settlement Agreement.

4.     No persons filed requests to be excluded from the Settlement Class.

5.     On _____, the Court held a Final Approval Hearing to which all Class Members, including those with objections, were invited.  The Court received no objections from any Class Members, and no Class Members or their separate counsel appeared at the Final Approval Hearing.  Class Counsel and counsel for Defendants appeared at the Final Approval Hearing.

6.     The Court, being fully advised and having afforded Class Members an opportunity to object, hereby finds that the Class Settlement is fair and reasonable under Rule 23 of the Federal Rules of Civil Procedure, the Class Notice sent to Class Members satisfies the requirements of Rule 23 and due process, and the Parties have fully complied with the Preliminary Approval Order.

7.     The Court finds that the Notice given provided the best notice practicable under the circumstances and was reasonably calculated to communicate actual notice of the litigation

2

FINAL APPROVAL ORDER

and the proposed settlement to members of the Settlement Class.  Under these circumstances, it is fair and reasonable to make the Agreement and its release of claims binding on all Class Members whether or not they actually received notice of this action and the proposed Settlement. The Court finds that the Settlement and the Court's granting of the Final Approval Order and Judgment of Dismissal is binding on all Settlement Class Members, whether or not they received actual notice of the Settlement, the Final Approval Order, or the Judgment of Dismissal.

8.     The Court finds the Settlement Agreement to be fair and made in good faith. Further, the Court finds that there has been no collusion between the parties in reaching the Settlement Agreement.

9.     The Court hereby finds that the Settlement is fair, reasonable, and adequate and is in the best interests of the Settlement Class.  The Court approves the Settlement Agreement submitted by the Parties and orders the Parties to perform their obligations pursuant to the Settlement Agreement.

10.     The Court finds that for purposes of the Settlement the requirements for certification of a Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure are satisfied.  The Court finds that (i) the Class is so numerous that joinder of all members is impracticable; (ii) there are questions of fact or law common to the class; (iii) such common questions predominate over questions affecting only individual members; (iv) the claims of the Class Representative are typical of the claims of the Class; (v) the proposed representative will fairly and adequately protect the interests of the Class; and (vi) a class action is a superior method for the fair and efficient adjudication of the controversy.

11.     The Settlement Class as defined in the Settlement Agreement and the Preliminary Approval Order is adjudged a final and permanent class for purposes of this Action, as well as

3

for the Final Approval Order and Judgment of Dismissal.

12.    Payment to Class Counsel in the amount of $ _____ for Attorney's Fees, costs, and expenses incurred in prosecution of this Action is hereby approved as reasonable compensation for Class Counsel's work, which has resulted in a substantial benefit to the Settlement Class and created Settlement Benefits that will be provided to Settlement Class Members in accordance with the terms of the Agreement. No other Attorney's Fees, expenses or costs shall be paid by Defendants.

13.    A payment in the amount of $_____ to the named Plaintiff Lyndsey M.D. Olson in settlement of her claims and in recognition of her services as Class Representative is approved as fair and reasonable. Plaintiff shall not be entitled to any other payment under the Agreement.

14.    All Class Members are bound by this Final Approval Order and the Judgment of Dismissal. They are further bound by the terms of the Settlement Agreement, including but not limited to its Release provisions, as described in paragraph K of the Settlement Agreement.

15.    All Plaintiffs and Settlement Class Members (as defined in the Settlement Agreement) hereby release Defendants, and all Released Parties from all Released Claims as defined in paragraph K of the Settlement Agreement.

16.    A Judgment of Dismissal in the form attached hereto shall be entered herewith and shall dismiss this Action with prejudice and without costs (other than what has been provided for in the Agreement). By this Judgment of Dismissal, the Court dismisses the claims of Plaintiff and the Settlement Class Members against Defendants and the Released Parties with prejudice and without costs.

17.    Notice of entry of this Order and the ensuing Judgment of Dismissal has been

4

given to Class Counsel on behalf of the Settlement Class. It shall not be necessary to send notice of entry of this Final Approval Order or ensuing Judgment of Dismissal to individual members of the Settlement Class.

18.     Plaintiffs and all Settlement Class Members are permanently enjoined and barred from commencing, prosecuting, or continuing any action asserting any of the Released Claims, as described in paragraph K of the Settlement Agreement, against Defendants or any Released Parties, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located. Any person or entity who knowingly violates such injunction shall pay the costs and attorney's fees incurred by one or more Defendants, Plaintiff, or other Released Parties as a result of the violation.

19.     After entry of the Judgment of Dismissal, the Court shall retain jurisdiction over the construction, interpretation, implementation, and enforcement of the Agreement and to supervise and adjudicate any disputes arising from the disbursement of Settlement Benefits.

20.     In the event that (i) the Settlement Agreement is terminated pursuant to its terms; or (ii) the Settlement Agreement, Preliminary Approval Order, Final Approval Order, or Judgment of Dismissal are reversed, vacated, or modified in any material respect by this or any other court, then (a) all orders entered pursuant to the Settlement Agreement shall be vacated, including this Final Approval Order; (b) the instant action shall proceed as though a Settlement Agreement had never been reached; and (c) no reference to the prior Settlement Agreement, or any documents related thereto, shall be made for any purpose; provided, however, that if the Parties to the Settlement Agreement agree to appeal an adverse ruling jointly and the Settlement Agreement, Final Approval Order, and Judgment of Dismissal are upheld on appeal in all

5

material respects, then the Settlement Agreement, Final Approval Order, and Judgment of Dismissal shall be given full force and effect.  In the event of (i) or (ii) in this Paragraph 20, all parties reserve all of their rights existing prior to the execution of the Settlement Agreement, and the doctrines of res judicata and collateral estoppel shall not be applied.

21.     Neither the Settlement Agreement, this Order, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order, the Final Approval Order, and the Judgment of Dismissal), negotiations, or proceedings relating in any way to the Settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind of any person, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or court order.


DATE: _____          ENTERED: _____
                                             Honorable Jeanne J. Graham


6


FINAL APPROVAL ORDER

[EXHIBIT B TO SETTLEMENT AGREEMENT]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| MS. LYNDSEY M.D. OLSON, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) The Honorable Paul A. Magnuson, ) *Judge Presiding.* ) |
| CITIBANK (New York State), CITIBANK, N.A., and THE STUDENT LOAN CORPORATION, | ) Case No. 0:10-cv-02992-PAM-JJK ) ) |
| Defendants. | ) ) |

### JUDGMENT OF DISMISSAL

Defendants Citibank (New York State), Citibank, N.A. and The Student Loan Corporation (collectively "Defendants"), having settled with the Settlement Class and the Court having entered its Order granting Final Approval of Settlement and directing entry of judgment of dismissal,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that

1.      All claims of all members of the Settlement Class against Defendants, as defined in this Court's Final Approval Order, are dismissed with prejudice.

2.      All claims of Plaintiff Lyndsey M.D. Olson against Defendants are dismissed with prejudice.

3.      Notwithstanding the dismissal of claims in the preceding paragraphs, the Court shall retain jurisdiction over the construction, interpretation, implementation, and enforcement of the Agreement and to supervise and to adjudicate any disputes arising from the disbursement of settlement benefits.

4.    Plaintiff and all members of the Settlement Class, as defined in this Court's Final

Approval Order and Preliminary Approval Order, are bound by the Release of Claims set forth in

the parties' Settlement Agreement and are hereby permanently enjoined and restrained from

filing or prosecuting any Released Claim against any Released Party as those terms are defined

in the Parties' Settlement Agreement.


Dated:_____          _____
                                 Honorable Jeanne J. Graham

2

FINAL APPROVAL ORDER

[EXHIBIT C TO SETTLEMENT AGREEMENT]

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

**Lyndsey M.D. Olson, et. al.  v. Citibank (New York State), et. al.,**
**United States District Court for the District of Minnesota, Case No. 0:10-cv-02992**

### THIS NOTICE MAY AFFECT YOUR RIGHTS.  PLEASE READ IT CAREFULLY.

This Notice is being sent to you because you obtained a student loan from Citibank (New York State), Citibank, N.A., and/or The Student Loan Corporation (collectively "Defendants"), and your loan was previously placed on a forbearance after you provided notice of your Military Service in accordance with the interest rate cap provisions of the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. App. § 527(a) ("Section 527(a)").

This Notice is to inform you about a class action lawsuit (the "Action") brought on behalf of those student loan borrowers who were automatically placed on a forbearance in order to receive the six percent (6%) interest rate cap provided for under Section 527(a) of the SCRA, and to tell you that there is a proposed class settlement (the "Settlement") that has been conditionally approved by the Court.  This Notice explains the nature of the Action and the terms of the Settlement, and it informs you of your legal rights and obligations.

## I. THE SUBJECT OF THIS LAWSUIT

Plaintiff Lyndsey M.D. Olson ("Plaintiff") filed this action in the United States District Court for the District of Minnesota against the Defendants on behalf of herself and on behalf of similarly situated student loan borrowers who were automatically placed on a forbearance in order for Defendants to implement the six percent (6%) interest rate set forth in Section 527 of the SCRA.  Plaintiff alleges that as a result of the capitalization of unpaid interest, if any, at the end of any forbearance periods related to military service, Servicemembers allegedly pay excess interest on their loan(s) over time.  Plaintiff also claims that the automatic placement of a student loan on forbearance violates the SCRA because borrowers on forbearance do not receive monthly mailed account statements and cannot utilize Defendants' automated monthly payment program, sometimes referred to as the automatic debit program, "auto pay" or "EZ Pay" (collectively referred to herein as "Auto Debit"), which allegedly makes it more difficult for Servicemembers to access their student loan accounts and make any payments while they are in military service.  Defendants deny Plaintiff's claims and contend that they have not acted in an unlawful manner.  Rather, Defendants assert that a forbearance provides a benefit to Servicemembers by relieving Servicemembers of their obligation to continue making payments on their loan during the forbearance period(s).  Without the forbearance, monthly payments on the loan would still be required, The Court has not ruled on the merits of Plaintiff's claims and the Court has made no determination of wrongdoing or liability against Defendants or in favor of Plaintiff.  By settling this lawsuit, Defendants are not admitting any allegations of wrongdoing.

The Court has preliminarily approved a settlement of this Action and provisionally certified a Class (the "Settlement Class").  The Settlement Class is defined to include those persons who, between July 13, 2004 and November 30, 2011, were in Military Service and: (a) had one or more student loans that were then on, or were subsequently placed on, a forbearance automatically in order for the Servicemember to receive the six percent (6%) interest rate cap under Section 527(a) of the SCRA, and (b) provided the written notice to Defendants regarding their Period of Military Service under the SCRA before 180 days after the end of their military service  ("SCRA Loans").  Persons meeting this definition are referred to herein as "Class Members" or the "Settlement Class Members."

1

## II. BENEFITS UNDER THE PROPOSED SETTLEMENT

Subject to Court Approval, Plaintiff and Defendants have agreed to the proposed Settlement described below. If you do not wish to be part of the Settlement, you must opt out.

### 1.   SETTLEMENT BENEFITS.

**Payment to Settlement Class Members**: Under the terms of the Settlement, Defendants agree to pay a total of $2.32 million (the "Settlement Amount") to be distributed on a *pro rata* basis and in accordance with the terms and allocation methodology of the Settlement Agreement, to those members of the Settlement Class who do not opt out. The amount of the settlement payment available for each individual student loan that falls within the Settlement Class differs based on a wide variety of factors such as the specific type of loan involved, the amount of capitalized interest, if any, incurred on each such loan, and various other factors. Based on such factors, Settlement Class Members who do not opt out will receive a cash payment ranging from $50 to in excess of $580 for each student loan they have that falls within the Settlement Class. Your individual payment amount on each student loan you may have that falls within the Settlement Class will be the specific payment amount that has been allocated to your particular loan, in accordance with the terms of Settlement Agreement, and will be a minimum of $50.

**Payment of Attorneys Fees, Incentive Award and Other Costs**: For their efforts in prosecuting this action on a contingency basis without any guarantee of success, Class Counsel will seek attorneys' fees and expenses and an incentive payment for the Plaintiff, collectively not to exceed $657,500.00, which Defendants have agreed not to oppose. The amount of attorneys' fees and expenses that Class Counsel will receive will be determined by the Court and will not be paid from the Settlement Amount. In addition, Defendants have agreed to pay the costs of notice and settlement administration. These amounts will be separately paid by Defendants and will not be paid from the Settlement Amount.

### 2.   OPTION TO TERMINATE A CURRENT SCRA FORBEARANCE. If you have one or more loans that are on a forbearance under the SCRA as of the date on which you receive this Notice and are currently being serviced by one of the Defendants, you may, if you choose, terminate your forbearance and return to regular payment status by following the procedures of the entity that services your loan(s). If you elect to terminate the forbearance, any unpaid interest on your student loan(s) that has accrued during a forbearance period up to the date on which the forbearance is terminated will be capitalized as of that date. If you do not terminate your forbearance, then upon the expiration of your forbearance period the amount of unpaid interest, if any, that has accrued during the forbearance period will be capitalized as of that date. Whether or not you terminate the forbearance, you will remain obligated to re-pay your loan(s) in accordance with the terms therein and nothing in the Settlement Agreement relieves you of your obligations under your written loan agreement(s) and promissory note(s).

### 3.   OPTION TO REINSTATE AUTO DEBIT. If you used Citibank's Auto Debit system prior to the time you began Military Service, you may elect to reinstate Auto Debit, so long as your loans continue to be serviced by Citibank. In order to reinstate Auto Debit for any loans, you must do each of the following: (1) terminate your forbearance in the manner noted in paragraph II(2) above; and, (2) follow the procedures and requirements for enrolling in Citibank's Auto Debit system, as applicable as of the time of your request. Automated payment options such as Auto Debit cannot be applied retroactively. Citibank retains the right to change any or all of the terms, conditions, requirements or procedures related to the Auto Debit or other automatic payment programs at any time. If you have not enrolled in Auto Debit in the past and want to know more about the program and requirements for enrolling, please contact

2

Citibank's customer service department or visit Citibank's website at https://www.studentloan.com/application/autodebit.htm. If Citibank does not service your loan(s), you may, if you are eligible, seek to enroll in another "auto pay" program, if any, that is offered by your loan servicer.

## III. RELEASE OF CLAIMS AND DISMISSAL OF ACTION

Unless you exclude yourself from the Settlement, you will be part of the Settlement Class. By staying in the Settlement Class, all of the Court's orders will apply to you and you will give Defendants a "release." A release means you cannot sue or be part of any other future lawsuit or legal proceeding against Defendants about the claims or issues asserted in the Action, including any that arise out of or are related to: (i) the capitalization of interest at, and/or the interest on interest capitalized at, the end of a forbearance arising out of or connected in any way with your SCRA Loans up to the date of the fairness hearing discussed below; (ii) the availability of monthly statements or EZ Pay, Auto Debit or other automated payment options in connection with your student loan(s), (iii) the placement of a mandatory forbearance or other forbearance on any of your SCRA Loans as a condition of implementing the six percent (6%) interest rate cap under Section 527 of the SCRA, (iv) Sections 518 and 527 of the SCRA, or (v) any or all of the acts, omissions, facts, matters, transactions, occurrences, or claims that were alleged, asserted, described, set forth or referred to in the Action and/or any Complaint, motion, brief or order filed therein. The full details of this Release are set forth in Paragraph K.1 through K.7 of the Settlement Agreement.

Subject to Court approval, the Action will be dismissed with prejudice and the Action shall be fully and finally settled as to Plaintiff and all members of the Settlement Class. As provided for in the Settlement Agreement, Settlement Class Members will be forever barred from seeking further relief on any of the claims released under the Settlement.

## IV. FAIRNESS HEARING

A hearing will be held on the fairness of the proposed settlement. At the hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement. The hearing will take place on _____ at _____ **a.m. before United States Magistrate Judge Jeanne J. Graham at the United States District Court for the District of Minnesota, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, MN 55101.** YOU ARE NOT OBLIGATED TO ATTEND THIS HEARING.

## V. YOUR OPTIONS

1.   **Receive The Monetary Benefit.** If you want to receive the monetary benefit provided to you by the Settlement, you need only remain a member of the Class and need not do anything further. Subject to Court approval, your monetary benefit will be sent to you by a mailed check, in accordance with the terms set forth in the Settlement Agreement.

2.   **Opt-Out.** You have the right to exclude yourself ("Opt-Out") from both the class action and the Settlement by mailing a written and signed request for exclusion to the address listed below. **The signed request for exclusion or Opt-Out must be postmarked on or before –––––––––, 2012,** and must include the full name, address and loan number(s) of the person(s) requesting exclusion and must be signed by all borrowers for the SCRA Loan. You and any other borrower on the SCRA Loan must sign the Opt-Out and unequivocally state your intent to be excluded from the Settlement by including the following statement: "I/we request to be excluded from the class settlement in Olson v. Citibank, et al., Case No. 10-cv-02992 (D. Minn.)." If you choose this option, you will be excluded from the Settlement

Class Member and you will not receive any of the settlement benefits. **Opt-Out requests that do not comply with all these requirements, that are sent to an address other than the addresses designated herein, or that are postmarked after ------------ 2012, will not be valid and such Class Members will be bound by all of the terms of the Settlement, including the Release. To be timely, requests for exclusion must be postmarked and mailed to: _____, on or before ------------, 2012.** Class Members who exclude themselves from the Settlement have no right to file or present an objection.

       3.      **Object.** If you object to the Settlement, have not opted out from the Settlement in accordance with its terms, and wish to submit an objection, you must submit such an objection in writing, stating the grounds and reasons therefor, and file it with the Clerk of the United States District Court for the District of Minnesota, 316 North Robert Street, St. Paul, MN 55101. **The objection must be RECEIVED by the Clerk of the Court on or before** ------------, **2012**. Your objection must refer to the name and number of the case. You must also mail and serve copies of your objection by the same date on the following attorneys for the Class and for Defendants: Lead Class Counsel is Vildan Teske, Crowder Teske, PLLP, 222 South Ninth Street, Suite 3210, Minneapolis, MN 55402; and Counsel to Defendants is Lucia Nale, Mayer Brown LLP., 71 South Wacker Drive, Chicago, IL 60606. To be considered valid, any objection must be filed and served by the deadline above, must include your full name, address, telephone number and loan number(s) of the person(s) requesting exclusion, and must be signed by all borrowers for each SCRA Loan. You must state that you object to the Settlement and provide a statement of the legal and factual reasons why you object to the Settlement including why you believe that the Court should find that the proposed Settlement is not in the best interests of the Class. You must also provide copies of any documents that you wish to submit in support of your position. Please note that it is not sufficient to simply state that you object. You must state reasons why the Settlement should not be approved.

You do **NOT** need to appear at the fairness hearing in order to object. However, should you remain in the Class and wish to attend the hearing and object in person, you, or your designated counsel, must also file a notice of intention to appear with the Clerk of the District Court, and mail and serve the notice on Class Counsel and Counsel for Defendants postmarked and mailed no later than ------------, 2012.

Any Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and forever be barred from making any such objections in this Action.

## VI. INQUIRIES REGARDING THE SETTLEMENT AND EXAMINATION OF PAPERS

**DO NOT CONTACT THE COURT, DEFENDANTS, OR THE JUDGE REGARDING THIS NOTICE OR CASE.** If you have any inquiries regarding this settlement, you may contact Class Counsel by writing to Vildan Teske, Crowder Teske, PLLP, 222 South Ninth Street, Suite 3210, Minneapolis, MN 55402, or teske@crowderteske.com, or call at telephone number (612) 767-4544.

**You can find further information regarding this settlement at the website: www.olsonsettlement.com**

This description of the case is general and does not cover all of the issues and proceedings thus far. In order to see the complete file, including a copy of the Settlement Agreement, you should visit the office of the Clerk of the United States District Court for the District of Minnesota, **316 North Robert Street, St. Paul, MN 55101**. The Clerk will make the files relating to this lawsuit available to you for inspection and copying at your own expense.

Dated _____, 2012

Clerk of the Court
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

[EXHIBIT D TO SETTLEMENT AGREEMENT]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| MS. LYNDSEY M.D. OLSON, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | The Honorable Paul A. Magnuson, *Judge Presiding.* |
| CITIBANK (New York State), CITIBANK, N.A., and THE STUDENT LOAN CORPORATION, | ) ) ) ) | Case No. 0:10-cv-02992-PAM-JJK |
| Defendants. | ) ) | |

## [PROPOSED] ORDER  PRELIMINARILY APPROVING SETTLEMENT

This matter coming before the Court upon the Motion of Plaintiff Lyndsey M.D. Olson, individually and on behalf of a class of persons, for Preliminary Approval of a Class Action Settlement Agreement and Release executed March 15, 2012 (the "Settlement Agreement"). No party opposes the relief now sought.

IT IS HEREBY DETERMINED AND ORDERED AS FOLLOWS:

1.     The Settlement Agreement is hereby incorporated by reference in this Order as if fully set forth herein.  First-letter capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning and definition as in the Settlement Agreement.

2.     Pursuant to Fed. R. Civ. P. 23, the terms of the Settlement Agreement, and the Settlement provided for therein, are preliminarily approved as (a) fair, just, reasonable, adequate, and in the best interests of the Settlement Class in light of the relevant factual, legal, practical,

1

PRELIMINARY APPROVAL ORDER

and procedural considerations of the Action, (b) free of collusion to the detriment of Class Members, and (c) within the range of possible settlement suitable for final judicial approval, subject to further consideration thereof at the Final Approval Hearing described at paragraph 7 of this Order.

3.      The proposed settlement is sufficient to justify giving notice of the Settlement to the Settlement Class.

4.      Subject to the Agreement, and for purposes only of the settlement of this Action, the Court hereby provisionally CERTIFIES the following Settlement Class:

> All Servicemembers who, during the period between July 13, 2004 and November 30, 2011, were in Military Service, and: (a) had one or more SCRA Loans that were then on a forbearance automatically in order for the Servicemember to receive the six percent (6%) interest rate cap under Section 527(a) of the SCRA, and (b) provided the written notice to Defendants regarding their Period of Military Service under the SCRA before 180 days after the end of their military service.

The persons potentially comprising the Settlement Class are identified on the Class List, as defined in Paragraph A.3 of the Settlement Agreement.

5.      The named plaintiff Lyndsey M.D. Olson is designated as Class Representative of the Settlement Class.

6.      Plaintiff's counsel, the law firms of Crowder Teske, PLLP, Law Offices of Martin A. Carlson, Ltd., and Richard J. Fuller, Attorney at Law, are appointed as Class Counsel. Vildan A. Teske is designated as Lead Class Counsel.

7.      A Final Approval Hearing shall be held before the undersigned at _____ _.m., on

2

PRELIMINARY APPROVAL ORDER

*[insert date that is 135 days after date of preliminary approval]* _____ __, 2012, in Courtroom ___ of the United States District Court for the District of Minnesota, in St. Paul, Minnesota, to determine, among other things: (a) whether the Settlement should be finally approved as fair, reasonable, and adequate; (b) whether the Action should be dismissed with prejudice as to Plaintiff Lyndsey M.D. Olson and the Settlement Class Members, pursuant to the terms of the Settlement Agreement; (c) whether Class Members should be bound by the Release set forth in paragraph K of the Settlement Agreement; (d) whether Class Members should be subject to a permanent injunction that bars them from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit, claim, demand or proceeding in any jurisdiction that is based on or related to, directly or indirectly, matters within the scope of the Released Claims; (e) whether the Settlement Class should be finally certified; and (f) the amount of attorney's fees and costs to be awarded to Class Counsel.   The Final Approval Hearing may be adjourned or continued by the Court without further notice to the members of the Settlement Class.

8.      The Court approves the proposed form of Class Notice attached to the Settlement Agreement as Exhibit C.   Pursuant to the procedures detailed in the Settlement Agreement, Defendant shall cause the approved Class Notice to be mailed as a stand-alone mail piece to each person identified on the Class List by no later than fifteen (15) days after the entry of this Order, subject to the provisions of paragraph E.1 of the Settlement Agreement. The Class Notice shall be mailed to the address of record on Citibank's Account records, as such address is reflected in the Class List, updated by a national change of address service. Class Notice may be sent by any form of bulk or standard mail. Counsel for the parties shall have the discretion to format the Class Notice before mailing. All expenses of notice shall be paid by Defendants.

3

PRELIMINARY APPROVAL ORDER

9.      If any Class Notice mailed pursuant to paragraph E of the Settlement Agreement is returned as undeliverable and contains a forwarding address, the Class Notice shall be re-mailed to the indicated forwarding address within 30 days of receipt of the forwarding address. Other than as set forth herein and above, Defendants shall have no further obligation to re-mail Notices to any Class Member.

10.     The Court finds that the Settlement Agreement's plan for Class Notice is the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class and satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, and is hereby approved.   The Court further finds that no notice other than that identified in the Settlement Agreement is necessary in this Action.

11.     A Class Member who wishes to receive a Settlement Benefit need only remain a Class Member and not opt-out of the Settlement Class.

12.     All Class Members who wish to be excluded from the Settlement and not be bound by the Settlement Agreement must complete and mail a request for exclusion ("Opt-Out") to the address set forth in the Class Notice.  Such request for exclusion must be postmarked on or before _____ 2012, i.e., 75 days after the date on which the Class Notice is first sent.  For a Class Member's Opt-Out to be valid, it must be timely postmarked (as judged by the postmark deadline) to the address set forth in the Class Notice and it must (i) state the Class Member's full name, address, telephone number, and Account number for which exclusion is being requested; (ii) be signed by all borrowers on the Account; and (iii) state the Class Member's intent to be excluded from the Settlement Class by including the following statement:  "I/we request to be excluded from the class settlement in <u>Olson v. Citibank, et al.</u>, Case No. 0:10-cv-02992 (D. Minn.)."  A request for exclusion that does not comply with all the foregoing requirements, that

4

PRELIMINARY APPROVAL ORDER

is sent to an address other than the one designated on the Class Notice, or that is not postmarked by the time specified, shall be invalid, and the person(s) serving such a request shall be bound as a Class Member and by the Agreement, if the Agreement is finally approved. No Class Member may purport to exercise any exclusion rights of any other person, or purport to exclude other Class Members as a group, aggregate, or class involving more than one person, or as an agent or representative. Any such purported exclusion shall be invalid and the Class Member(s) that is or are the subject of the purported opt-out shall be a member or members of the Class and treated and be bound by the Agreement and as a Settlement Class Member for all purposes.

13.     Any Class Member who successfully opts out of the Settlement shall be deemed to have waived any rights or benefits under the Settlement, and will have no standing to object to the Settlement.

14.     Any Class Member who does not opt-out and who wishes to object to the Settlement must file a written Objection ("Objection") with the Court, and mail and serve it upon Class Counsel and Counsel for Defendants, on or by _____, i.e., 75 days after the date on which the Class Notice is first sent. To be considered valid, each Objection must be timely filed and served (as judged by the filing deadline and postmark date set forth), and must (i) set forth the Class Member's full name, current address, telephone number, and Account number; (ii) contain the signature of all borrowers on the Account; (iii) state that the Class Member objects to the Settlement, in whole or in part; (iv) set forth a statement of the legal and factual bases for the objection; and (v) provide copies of any documents that the Class Member wishes to submit in support of his/her position. Any Class Member who wishes to object and appear at the final approval hearing in person instead of submitting only written objections must also file a notice of intention to appear with the Clerk of the Court, and mail and serve the notice on Class

5

PRELIMINARY APPROVAL ORDER

Counsel and Counsel for Defendants, by the date specified herein. Any Class Member who does not submit a timely written Objection in complete accordance with this Order shall not be treated as having filed a valid Objection to the Settlement, shall be deemed as having waived his or her objections in this Action and shall forever be barred from making any such objections in this Action.

15.     The Parties may file memoranda in support of the Settlement, and Plaintiffs' Counsel may file a motion or application for an award of Attorney's Fees and Costs and/or award of an incentive payment to Plaintiff, consistent with the provisions of the Settlement Agreement. Such Memoranda should be filed no later than _____ __, 2012 [*insert date at least 7 days before date of final approval hearing as scheduled by this order*].

16.     Defendants shall comply with, and file proof of compliance with, the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), in accordance with the provisions of that statute. Notice of compliance shall be submitted to the Court no later than ____, 201_ [*insert date at least 7 days before the date of the final approval hearing*].

17.     The Parties are hereby authorized to establish the means necessary to administer the Settlement.

18.     All proceedings in this Action, including status conferences, other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto, are stayed and suspended until further order of this Court.

19.     If Final Approval of the Settlement is not achieved, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the Parties, and all orders issued pursuant to

6

PRELIMINARY APPROVAL ORDER

the Settlement shall be vacated. In such an event, the Settlement and all negotiations concerning it shall not be used or referred to in this Action for any purpose whatsoever. This Order shall be of no force or effect if Final Approval does not occur for any reason, and nothing in this Order shall be construed or used as an admission, concession, or declaration by or against Defendants, of any fault, wrongdoing, breach, or liability or as a waiver by any Party of any claims or defenses it may have.

20.     Neither the Settlement nor the Settlement Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action, or of any wrongdoing, liability, or violation of law by Defendants, which vigorously deny all of the claims and allegations raised in the Action.

21.     The Court reserves the right to approve the Settlement with such modifications, if any, as may be agreed to by Class Counsel and Counsel for Defendants and without future notice to the Class Members.

22.     All Class Members who have not timely and validly excluded themselves from the Class and all persons acting on behalf of or in concert with any such Class Members are hereby preliminarily enjoined from, directly or indirectly: (i) commencing, prosecuting, participating in (as a class member or otherwise), and/or assisting in any lawsuit or other proceeding against Defendants that asserts or purports to assert claims that (a) were alleged, asserted, described, set forth or referred to in the Action, and/or (b) are within the scope of the Released Claims as embodied in paragraph K of the Settlement Agreement; and (ii) organizing or soliciting Class Members or those who Opt-Out into a separate class for purposes of pursuing, as a purported class action, a lawsuit or other proceeding on behalf of Class Members or those who Opt-Out that asserts or purports to assert claims that (a) were alleged, asserted, described,

7

PRELIMINARY APPROVAL ORDER

set forth or referred to in the Action, and/or (b) are within the scope of the Released Claims, as embodied in paragraph J of the Settlement Agreement.

IT IS SO ORDERED.


DATE: March _____, 2012          ENTERED: _____
                                          Honorable Jeanne J. Graham


8

PRELIMINARY APPROVAL ORDER