# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **Lyndsey M.D. Olson, on behalf of herself and all other similarly situated,** | Civ. No. 10-2992 (PAM/JJG) |
| **Plaintiff,** | |
| v. | **REPORT AND RECOMMENDATION** |
| **Citibank (New York State), Citibank, N.A. and The Student Loan Corporation,** | |
| **Defendants.** | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the undersigned United States Magistrate Judge on Plaintiff's Motion for Approval of Settlement (Preliminary) (ECF No. 45). William Crowder and Colleen Daly appeared on behalf of Plaintiff and the Class. Andrew Rosenman appeared on behalf of Defendants. The motion was referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) by the Honorable Paul A. Magnuson, United States District Judge. Having considered the motion, the memorandum in support of the motion and the other materials filed in support thereof, the Court respectfully recommends preliminary approval of the class settlement.

## I.     Background

This complex lawsuit involves the Servicemembers Civil Relief Act ("SCRA"). In addressing Defendants' Motion to Dismiss, Judge Magnuson set forth a more comprehensive exposition of the factual background, the details of which need not be fully recounted here. (Mem. Order, Dec. 12, 2010, ECF No. 21.) Instead, it is sufficient to say Plaintiff brought suit

based on conduct she alleged violated the SCRA by charging a higher interest rate than allowed by the SCRA and conditioning a lower interest rate on the placement of a loan in forbearance. Defendants denied the allegations. The parties, with the Court's assistance, reached a comprehensive settlement on this matter.

    **1.**    <u>**Olson Settlement Class Findings.**</u> For the purposes of the settlement of this action, the Court recommends a finding that the requirements of Federal Rule of Civil Procedure 23 and any other applicable law have been met as to the Olson Settlement defined below, in that:

    A.    The Olson Settlement Class, as defined in the stipulated Second Amended Complaint, is ascertainable and the approximately 6,369 members of the Class are so numerous that their joinder before the Court would be impracticable. Rule 23(a)(1) is satisfied.

    B.    The commonality requirement of Rule 23(a) is generally satisfied when members of a class share at least one common factual or legal issue. Here, the Plaintiff has alleged questions of fact and law purportedly common to the proposed Class. Further, the Class Members have suffered the same injury. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). Accordingly, there are one or more questions of fact or law common to the Olson Settlement Class. Rule 23(a)(2) is satisfied.

    C.    Plaintiff's claims are typical of the claims of the Class. Rule 23(a)(3) is satisfied.

    D.    Plaintiff has, and will, fairly and adequately protect the interests of the Class in that (i) Plaintiff's interests and the nature of the claims alleged

are consistent with those of the Class Members, (ii) there appear to be no conflicts between or among Plaintiff and the Class Members, and (iii) Plaintiff and the Class Members are represented by qualified counsel who are experienced in preparing and prosecuting class actions. Rule 23(a)(4) is satisfied.

      E.    Once the Rule 23(a) requirements are satisfied, the Court must determine whether one of the Rule 23(b) requirements are met. Rule 23(b)(3) requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Because the significant common issues certainly predominate over the individual issues, and the fact of there being more than 6,500 class members, Rule 23(b)(3) is satisfied.

**2. Fairness, Reasonableness, and Adequacy**

The Court has been closely involved in the settlement of this matter and the resolution of disputes subsequent to the settlement. The proposed settlement resulted from extensive, complicated arm's-length negotiations. After an entire day of settlement discussions, of which the Court took part, the parties continued to discuss and debate the intricate details of this complex matter. There is no doubt the parties represented their clients zealously and advocated for the most favorable settlement possible.

Further, the Court is satisfied that the percentage returned to the individual class members is fair and adequate. Indeed, Class Members choosing not to opt out will receive approximately 94.5% of the claimed improper interest. Taking into account the complexity of

litigation and the attendant risks and costs of pursuing litigation further, this percentage is undoubtedly fair, reasonable, and adequate.

Based on the foregoing, the Court concludes that the Olson Settlement should be preliminarily approved.

## II. Recommendation

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The Settlement Agreement is hereby incorporated by reference in this Order as if fully set forth herein. First-letter capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning and definition as in the Settlement Agreement.

2. Pursuant to Fed. R. Civ. P. 23, the terms of the Settlement Agreement, and the Settlement provided for therein, are preliminarily approved as (a) fair, just, reasonable, adequate, and in the best interests of the Settlement Class in light of the relevant factual, legal, practical, and procedural considerations of the Action, (b) free of collusion to the detriment of Class Members, and (c) within the range of possible settlement suitable for final judicial approval, subject to further consideration thereof at the Final Approval Hearing described at paragraph 7 of this Order.

3. The proposed settlement is sufficient to justify giving notice of the Settlement to the Settlement Class.

4. Subject to the Agreement, and for purposes only of the settlement of this Action, the Court hereby provisionally CERTIFIES the following Settlement Class:

> All Servicemembers who, during the period between July 13, 2004 and November 30, 2011, were in Military Service, and: (a) had one or more

>>SCRA Loans that were then on a forbearance automatically in order for the Servicemember to receive the six percent (6%) interest rate cap under Section 527(a) of the SCRA, and (b) provided the written notice to Defendants regarding their Period of Military Service under the SCRA before 180 days after the end of their military service.

The persons potentially comprising the Settlement Class are identified on the Class List, as defined in Paragraph A.3 of the Settlement Agreement.

5.    The named plaintiff Lyndsey M.D. Olson is designated as Class Representative of the Settlement Class.

6.    Plaintiff's counsel, the law firms of Crowder Teske, PLLP, Law Offices of Martin A. Carlson, Ltd., and Richard J. Fuller, Attorney at Law, are appointed as Class Counsel. Vildan A. Teske is designated as Lead Class Counsel.

7.    A Final Approval Hearing shall be held before the Honorable Paul A. Magnuson, United States District Judge, at 9:30 a.m., on August 30, 2012, in Courtroom 7D of the United States District Court for the District of Minnesota, in St. Paul, Minnesota, to determine, among other things: (a) whether the Settlement should be finally approved as fair, reasonable, and adequate; (b) whether the Action should be dismissed with prejudice as to Plaintiff Lyndsey M.D. Olson and the Settlement Class Members, pursuant to the terms of the Settlement Agreement; (c) whether Class Members should be bound by the Release set forth in paragraph K of the Settlement Agreement; (d) whether Class Members should be subject to a permanent injunction that bars them from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit, claim, demand or proceeding in any jurisdiction that is based on or related to, directly or indirectly, matters within the scope

of the Released Claims; (e) whether the Settlement Class should be finally certified; and (f) the amount of attorney's fees and costs to be awarded to Class Counsel. The Final Approval Hearing may be adjourned or continued by the Court without further notice to the members of the Settlement Class.

8.   The Court approves the proposed form of Class Notice attached to the Settlement Agreement as Exhibit C. Pursuant to the procedures detailed in the Settlement Agreement, Defendant shall cause the approved Class Notice to be mailed as a stand-alone mail piece to each person identified on the Class List by no later than fifteen (15) days after the entry of this Order, subject to the provisions of paragraph E.1 of the Settlement Agreement. The Class Notice shall be mailed to the address of record on Citibank's Account records, as such address is reflected in the Class List, updated by a national change of address service. Class Notice may be sent by any form of bulk or standard mail. Counsel for the parties shall have the discretion to format the Class Notice before mailing. All expenses of notice shall be paid by Defendants.

9.   If any Class Notice mailed pursuant to paragraph E of the Settlement Agreement is returned as undeliverable and contains a forwarding address, the Class Notice shall be re-mailed to the indicated forwarding address within 30 days of receipt of the forwarding address. Other than as set forth herein and above, Defendants shall have no further obligation to re-mail Notices to any Class Member.

10.   The Settlement Agreement's plan for Class Notice is the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class and satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, and is hereby approved. No notice other than that identified in the Settlement Agreement is

necessary in this Action.

12. A Class Member who wishes to receive a Settlement Benefit need only remain a Class Member and not opt-out of the Settlement Class.

12. All Class Members who wish to be excluded from the Settlement and not be bound by the Settlement Agreement must complete and mail a request for exclusion ("Opt-Out") to the address set forth in the Class Notice. Such request for exclusion must be postmarked within 75 days after the date on which the Class Notice is first sent. For a Class Member's Opt-Out to be valid, it must be timely postmarked (as judged by the postmark deadline) to the address set forth in the Class Notice and it must (i) state the Class Member's full name, address, telephone number, and Account number for which exclusion is being requested; (ii) be signed by all borrowers on the Account; and (iii) state the Class Member's intent to be excluded from the Settlement Class by including the following statement: "I/we request to be excluded from the class settlement in Olson v. Citibank, et al., Case No. 0:10-cv-02992 (D. Minn.)." A request for exclusion that does not comply with all the foregoing requirements, that is sent to an address other than the one designated on the Class Notice, or that is not postmarked by the time specified, shall be invalid, and the person(s) serving such a request shall be bound as a Class Member and by the Agreement, if the Agreement is finally approved. No Class Member may purport to exercise any exclusion rights of any other person, or purport to exclude other Class Members as a group, aggregate, or class involving more than one person, or as an agent or representative. Any such purported exclusion shall be invalid and the Class Member(s) that is or are the subject of the purported opt-out shall be a member or members of the Class and treated and be bound by the Agreement and as a Settlement Class Member for all purposes.

13. Any Class Member who successfully opts out of the Settlement shall be deemed to have waived any rights or benefits under the Settlement, and will have no standing to object to the Settlement.

14. Any Class Member who does not opt-out and who wishes to object to the Settlement must file a written Objection ("Objection") with the Court, and mail and serve it upon Class Counsel and Counsel for Defendants, within 75 days after the date on which the Class Notice is first sent. To be considered valid, each Objection must be timely filed and served (as judged by the filing deadline and postmark date set forth), and must (i) set forth the Class Member's full name, current address, telephone number, and Account number; (ii) contain the signature of all borrowers on the Account; (iii) state that the Class Member objects to the Settlement, in whole or in part; (iv) set forth a statement of the legal and factual bases for the objection; and (v) provide copies of any documents that the Class Member wishes to submit in support of his/her position. Any Class Member who wishes to object and appear at the final approval hearing in person instead of submitting only written objections must also file a notice of intention to appear with the Clerk of the Court, and mail and serve the notice on Class Counsel and Counsel for Defendants, by the date specified herein. Any Class Member who does not submit a timely written Objection in complete accordance with this Order shall not be treated as having filed a valid Objection to the Settlement, shall be deemed as having waived his or her objections in this Action and shall forever be barred from making any such objections in this Action.

15. The Parties may file memoranda in support of the Settlement, and Plaintiffs' Counsel may file a motion or application for an award of Attorney's Fees and Costs and/or award of an incentive payment to Plaintiff, consistent with the provisions of the Settlement

Agreement. Such Memoranda should be filed no later than August 17, 2012.

16. Defendants shall comply with, and file proof of compliance with, the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), in accordance with the provisions of that statute. Notice of compliance shall be submitted to the Court no later than August 17, 2012.

17. The Parties are hereby authorized to establish the means necessary to administer the Settlement.

18. All proceedings in this Action, including status conferences, other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto, are stayed and suspended until further order of this Court.

19. If Final Approval of the Settlement is not achieved, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the Parties, and all orders issued pursuant to the Settlement shall be vacated. In such an event, the Settlement and all negotiations concerning it shall not be used or referred to in this Action for any purpose whatsoever. This Order shall be of no force or effect if Final Approval does not occur for any reason, and nothing in this Order shall be construed or used as an admission, concession, or declaration by or against Defendants, of any fault, wrongdoing, breach, or liability or as a waiver by any Party of any claims or defenses it may have.

20. Neither the Settlement nor the Settlement Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action, or of any wrongdoing, liability, or violation of law by Defendants, which vigorously deny all

of the claims and allegations raised in the Action.

21. The Court reserves the right to approve the Settlement with such modifications, if any, as may be agreed to by Class Counsel and Counsel for Defendants and without future notice to the Class Members.

22. All Class Members who have not timely and validly excluded themselves from the Class and all persons acting on behalf of or in concert with any such Class Members are hereby preliminarily enjoined from, directly or indirectly: (i) commencing, prosecuting, participating in (as a class member or otherwise), and/or assisting in any lawsuit or other proceeding against Defendants that asserts or purports to assert claims that (a) were alleged, asserted, described, set forth or referred to in the Action, and/or (b) are within the scope of the Released Claims as embodied in paragraph K of the Settlement Agreement; and (ii) organizing or soliciting Class Members or those who Opt-Out into a separate class for purposes of pursuing, as a purported class action, a lawsuit or other proceeding on behalf of Class Members or those who Opt-Out that asserts or purports to assert claims that (a) were alleged, asserted, described, set forth or referred to in the Action, and/or (b) are within the scope of the Released Claims, as embodied in paragraph J of the Settlement Agreement.

Dated: March 28, 2012         s/ *Jeanne J. Graham*
    JEANNE J. GRAHAM
    United States Magistrate Judge

## NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by April 3, 2012. A party may respond to the objections within fourteen days after service thereof. Any

objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the district judge is not required to review a transcript or the district judge directs otherwise.