UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Lyndsey M.D. Olson, on behalf of herself
and all others similarly situated,

        Plaintiff,

      v.

Citibank (New York State), Citibank, N.A.,
and The Student Loan Corporation,

        Defendants.

Civil No. 10-2992 (PAM/JJG)

**ORDER ON REPORT
AND RECOMMENDATION**

---

The above-entitled matter came before the Court upon the Report and Recommendation of the United States Magistrate Judge. No objections have been filed to that Report and Recommendation in the time period permitted.

Based on the Report and Recommendation of the Magistrate Judge, and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that the Report and Recommendation (Docket No. 57) is **ADOPTED** as follows:

    1.    The Settlement Agreement is hereby incorporated by reference in this Order as if fully set forth herein. First-letter capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning and definition as in the Settlement Agreement.

    2.    Pursuant to Fed. R. Civ. P. 23, the terms of the Settlement Agreement, and the Settlement provided for therein, are preliminarily approved as (a) fair, just, reasonable, adequate, and in the best interests of the Settlement Class in light of the relevant factual,

legal, practical, and procedural considerations of the Action, (b) free of collusion to the detriment of Class Members, and (c) within the range of possible settlement suitable for final judicial approval, subject to further consideration thereof at the Final Approval Hearing described at paragraph 7 of this Order.

3. The proposed settlement is sufficient to justify giving notice of the Settlement to the Settlement Class.

4. Subject to the Agreement, and for purposes only of the settlement of this Action, the Court hereby provisionally CERTIFIES the following Settlement Class:

> All Servicemembers who, during the period between July 13, 2004 and November 30, 2011, were in Military Service, and: (a) had one or more SCRA Loans that were then on a forbearance automatically in order for the Servicemember to receive the six percent (6%) interest rate cap under Section 527(a) of the SCRA, and (b) provided the written notice to Defendants regarding their Period of Military Service under the SCRA before 180 days after the end of their military service.

The persons potentially comprising the Settlement Class are identified on the Class List, as defined in Paragraph A.3 of the Settlement Agreement.

5. The named plaintiff Lyndsey M.D. Olson is designated as Class Representative of the Settlement Class.

6. Plaintiff's counsel, the law firms of Crowder Teske, PLLP, Law Offices of Martin A. Carlson, Ltd., and Richard J. Fuller, Attorney at Law, are appointed as Class Counsel. Vildan A. Teske is designated as Lead Class Counsel.

7. A Final Approval Hearing shall be held before the Honorable Paul A. Magnuson, United States District Judge, at 9:30 a.m., on August 30, 2012, in Courtroom 7D of the United States District Court for the District of Minnesota, in St. Paul, Minnesota, to determine, among other things: (a) whether the Settlement should be finally approved as fair, reasonable, and adequate; (b) whether the Action should be dismissed with prejudice as to Plaintiff Lyndsey M.D. Olson and the Settlement Class Members, pursuant to the terms of the Settlement Agreement; (c) whether Class Members should be bound by the Release set forth in paragraph K of the Settlement Agreement; (d) whether Class Members should be subject to a permanent injunction that bars them from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit, claim, demand or proceeding in any jurisdiction that is based on or related to, directly or indirectly, matters within the scope of the Released Claims; (e) whether the Settlement Class should be finally certified; and (f) the amount of attorney's fees and costs to be awarded to Class Counsel. The Final Approval Hearing may be adjourned or continued by the Court without further notice to the members of the Settlement Class.

8. The Court approves the proposed form of Class Notice attached to the Settlement Agreement as Exhibit C. Pursuant to the procedures detailed in the Settlement Agreement, Defendant shall cause the approved Class Notice to be mailed as a stand-alone mail piece to each person identified on the Class List by no later than fifteen (15) days after the entry of this Order, subject to the provisions of paragraph E.1 of the Settlement Agreement. The Class Notice shall be mailed to the address of record on Citibank's Account records, as such address is reflected in the Class List, updated by a national change of address

service. Class Notice may be sent by any form of bulk or standard mail. Counsel for the parties shall have the discretion to format the Class Notice before mailing. All expenses of notice shall be paid by Defendants.

9. If any Class Notice mailed pursuant to paragraph E of the Settlement Agreement is returned as undeliverable and contains a forwarding address, the Class Notice shall be re-mailed to the indicated forwarding address within 30 days of receipt of the forwarding address. Other than as set forth herein and above, Defendants shall have no further obligation to re-mail Notices to any Class Member.

10. The Settlement Agreement's plan for Class Notice is the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class and satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, and is hereby approved. No notice other than that identified in the Settlement Agreement is necessary in this Action.

11. A Class Member who wishes to receive a Settlement Benefit need only remain a Class Member and not opt-out of the Settlement Class.

12. All Class Members who wish to be excluded from the Settlement and not be bound by the Settlement Agreement must complete and mail a request for exclusion ("Opt-Out") to the address set forth in the Class Notice. Such request for exclusion must be postmarked within 75 days after the date on which the Class Notice is first sent. For a Class Member's Opt-Out to be valid, it must be timely postmarked (as judged by the postmark deadline) to the address set forth in the Class Notice and it must (i) state the Class Member's full name, address, telephone number, and Account number for which exclusion is being

requested; (ii) be signed by all borrowers on the Account; and (iii) state the Class Member's intent to be excluded from the Settlement Class by including the following statement: "I/we request to be excluded from the class settlement in <u>Olson v. Citibank, et al.</u>, Case No. 0:10-cv-02992 (D. Minn.)." A request for exclusion that does not comply with all the foregoing requirements, that is sent to an address other than the one designated on the Class Notice, or that is not postmarked by the time specified, shall be invalid, and the person(s) serving such a request shall be bound as a Class Member and by the Agreement, if the Agreement is finally approved. No Class Member may purport to exercise any exclusion rights of any other person, or purport to exclude other Class Members as a group, aggregate, or class involving more than one person, or as an agent or representative. Any such purported exclusion shall be invalid and the Class Member(s) that is or are the subject of the purported opt-out shall be a member or members of the Class and treated and be bound by the Agreement and as a Settlement Class Member for all purposes.

13. Any Class Member who successfully opts out of the Settlement shall be deemed to have waived any rights or benefits under the Settlement, and will have no standing to object to the Settlement.

14. Any Class Member who does not opt-out and who wishes to object to the Settlement must file a written Objection ("Objection") with the Court, and mail and serve it upon Class Counsel and Counsel for Defendants, within 75 days after the date on which the Class Notice is first sent. To be considered valid, each Objection must be timely filed and served (as judged by the filing deadline and postmark date set forth), and must (i) set forth the Class Member's full name, current address, telephone number, and Account number;

(ii) contain the signature of all borrowers on the Account; (iii) state that the Class Member objects to the Settlement, in whole or in part; (iv) set forth a statement of the legal and factual bases for the objection; and (v) provide copies of any documents that the Class Member wishes to submit in support of his/her position. Any Class Member who wishes to object and appear at the final approval hearing in person instead of submitting only written objections must also file a notice of intention to appear with the Clerk of the Court, and mail and serve the notice on Class Counsel and Counsel for Defendants, by the date specified herein. Any Class Member who does not submit a timely written Objection in complete accordance with this Order shall not be treated as having filed a valid Objection to the Settlement, shall be deemed as having waived his or her objections in this Action and shall forever be barred from making any such objections in this Action.

15. The Parties may file memoranda in support of the Settlement, and Plaintiffs' Counsel may file a motion or application for an award of Attorney's Fees and Costs and/or award of an incentive payment to Plaintiff, consistent with the provisions of the Settlement Agreement. Such Memoranda should be filed no later than August 17, 2012.

16. Defendants shall comply with, and file proof of compliance with, the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), in accordance with the provisions of that statute. Notice of compliance shall be submitted to the Court no later than August 17, 2012.

17. The Parties are hereby authorized to establish the means necessary to administer the Settlement.

18. All proceedings in this Action, including status conferences, other than such as

may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto, are stayed and suspended until further order of this Court.

19. If Final Approval of the Settlement is not achieved, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the Parties, and all orders issued pursuant to the Settlement shall be vacated. In such an event, the Settlement and all negotiations concerning it shall not be used or referred to in this Action for any purpose whatsoever. This Order shall be of no force or effect if Final Approval does not occur for any reason, and nothing in this Order shall be construed or used as an admission, concession, or declaration by or against Defendants, of any fault, wrongdoing, breach, or liability or as a waiver by any Party of any claims or defenses it may have.

20. Neither the Settlement nor the Settlement Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action, or of any wrongdoing, liability, or violation of law by Defendants, which vigorously deny all of the claims and allegations raised in the Action.

21. The Court reserves the right to approve the Settlement with such modifications, if any, as may be agreed to by Class Counsel and Counsel for Defendants and without future notice to the Class Members.

Dated:  Thursday, April 12, 2012        *s/ Paul A. Magnuson*
                                        PAUL A. MAGNUSON
                                        United States District Judge