**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| MS. LYNDSEY M.D. OLSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITIBANK (New York State), CITIBANK, N.A., and THE STUDENT LOAN CORPORATION,<br><br>Defendants. | Case No. 0:10-cv-02992-PAM-JJG |

## ORDER APPROVING CLASS SETTLEMENT AND ATTORNEY'S FEES, COSTS, AND CLASS REPRESENTATIVE AWARD

This matter is before the Court on Plaintiff's Motion for Final Approval of Class Settlement and Motion for Award of Attorneys' Fees, Costs and Class Representative Award. The Court held a hearing on the fairness of the proposed Settlement on August 30, 2012. No objectors to the Settlement appeared at the hearing. Accordingly, the Motions (Docket Nos. 63, 65) are **GRANTED**. The Court further hereby finds and orders that:

1.      On April 12, 2012, this Court entered an order preliminarily approving a Settlement between Plaintiff Lyndsey M.D. Olson ("Olson") and Defendants Citibank (New York State), Citibank, N.A. and The Student Loan Corporation (collectively "Defendants"). This order preliminarily approved the Settlement, provisionally certified a Settlement Class, approved a form of Class Notice (as specified in the Settlement Agreement, which is hereby

incorporated by reference in this Order as if fully set forth herein[1]), authorized the mailing of the Class Notice, and ruled that the Class Notice complies with the terms of the Settlement Agreement and due process.

2. The Court scheduled a fairness hearing, or Final Approval Hearing, for August 30, 2012 at 9:30 a.m., and directed the Parties to notify the Class Members of this Final Approval Hearing as part of the Class Notice.

3. The Court finds that Defendants, in accordance with the terms of the Settlement Agreement and the Preliminary Approval Order, caused notice of the Settlement to be timely mailed by April 27, 2012 to all Class Members identified on the Class List.  Any notices returned with forwarding addresses were re-mailed to those forwarding addresses within 30 days, as required by the Settlement Agreement.

4. Four persons filed requests to be excluded from the Settlement Class.

5. On August 30, 2012, the Court held a Final Approval Hearing to which all Class Members, including those with objections, were invited.  The Court received no objections from any Class Members, and no Class Members or their separate counsel appeared at the Final Approval Hearing.  Class Counsel and counsel for Defendants appeared at the Final Approval Hearing.

6. The Court, being fully advised and having afforded Class Members an opportunity to object, hereby finds that the Class Settlement is fair and reasonable under Rule 23 of the Federal Rules of Civil Procedure, the Class Notice sent to Class Members satisfies the requirements of Rule 23 and due process, and the Parties have fully complied with the Preliminary Approval Order.

---

[1] First-letter capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning and definition as in the Settlement Agreement.

7.     The Court finds that the Notice given provided the best notice practicable under the circumstances and was reasonably calculated to communicate actual notice of the litigation and the proposed settlement to members of the Settlement Class.  Under these circumstances, it is fair and reasonable to make the Agreement and its release of claims binding on all Class Members whether or not they actually received notice of this action and the proposed Settlement.  The Court finds that the Settlement and the Court's granting of the Final Approval Order and Judgment of Dismissal is binding on all Settlement Class Members, whether or not they received actual notice of the Settlement, the Final Approval Order, or the Judgment of Dismissal.

8.     The Court finds the Settlement Agreement to be fair and made in good faith.  Further, the Court finds that there has been no collusion between the parties in reaching the Settlement Agreement.

9.     The Court hereby finds that the Settlement is fair, reasonable, and adequate and is in the best interests of the Settlement Class.  The Court approves the Settlement Agreement submitted by the Parties and orders the Parties to perform their obligations pursuant to the Settlement Agreement.

10.    The Court finds that for purposes of the Settlement the requirements for certification of a Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure are satisfied.  The Court finds that (i) the Class is so numerous that joinder of all members is impracticable; (ii) there are questions of fact or law common to the class; (iii) such common questions predominate over questions affecting only individual members; (iv) the claims of the Class Representative are typical of the claims of the Class; (v) the proposed representative will fairly and adequately protect the interests of the Class; and (vi) a class action is a superior method for the fair and efficient adjudication of the controversy.

11.     The Settlement Class as defined in the Settlement Agreement and the Preliminary Approval Order is adjudged a final and permanent class for purposes of this Action, as well as for this Final Approval Order and the Judgment of Dismissal.

12.     Payment to Class Counsel in the amount of $650,000 (six hundred and fifty thousand dollars) for Attorney's Fees, costs, and expenses incurred in prosecution of this Action is hereby approved as reasonable compensation for Class Counsel's work, which has resulted in a substantial benefit to the Settlement Class and created Settlement Benefits that will be provided to Settlement Class Members in accordance with the terms of the Agreement.  No other Attorney's Fees, expenses or costs shall be paid by Defendants.

13.     A payment in the amount of $7500 (seven thousand and five hundred dollars) plus the prorated settlement benefit under paragraph F.4. of the Settlement Agreement to the named Plaintiff Lyndsey M.D. Olson in settlement of her claims and in recognition of her services as Class Representative is approved as fair and reasonable.  Plaintiff shall not be entitled to any other payment under the Agreement.

14.     All Class Members are bound by this Final Approval Order and the Judgment of Dismissal.  They are further bound by the terms of the Settlement Agreement, including but not limited to its Release provisions, as described in paragraph K of the Settlement Agreement.

15.     All Plaintiffs and Settlement Class Members (as defined in the Settlement Agreement) hereby release Defendants, and all Released Parties from all Released Claims as defined in paragraph K of the Settlement Agreement.

16.     A Judgment of Dismissal in the form attached hereto shall be entered herewith and shall dismiss this Action with prejudice and without costs (other than what has been provided for in the Agreement).  By this Judgment of Dismissal, the Court dismisses the claims

of Plaintiff and the Settlement Class Members against Defendants and the Released Parties with prejudice and without costs.

17. Notice of entry of this Order and the ensuing Judgment of Dismissal has been given to Class Counsel on behalf of the Settlement Class. It shall not be necessary to send notice of entry of this Final Approval Order or ensuing Judgment of Dismissal to individual members of the Settlement Class.

18. After entry of the Judgment of Dismissal, the Court shall retain jurisdiction over the construction, interpretation, implementation, and enforcement of the Agreement and to supervise and adjudicate any disputes arising from the disbursement of Settlement Benefits.

19. In the event that (i) the Settlement Agreement is terminated pursuant to its terms; or (ii) the Settlement Agreement, Preliminary Approval Order, Final Approval Order, or Judgment of Dismissal are reversed, vacated, or modified in any material respect by this or any other court, then (a) all orders entered pursuant to the Settlement Agreement shall be vacated, including this Final Approval Order; (b) the instant action shall proceed as though a Settlement Agreement had never been reached; and (c) no reference to the prior Settlement Agreement, or any documents related thereto, shall be made for any purpose; provided, however, that if the Parties to the Settlement Agreement agree to appeal an adverse ruling jointly and the Settlement Agreement, Final Approval Order, and Judgment of Dismissal are upheld on appeal in all material respects, then the Settlement Agreement, Final Approval Order, and Judgment of Dismissal shall be given full force and effect. In the event of (i) or (ii) in this Paragraph 20, all parties reserve all of their rights existing prior to the execution of the Settlement Agreement, and the doctrines of res judicata and collateral estoppel shall not be applied.

20.     Neither the Settlement Agreement, this Order, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order, the Final Approval Order, and the Judgment of Dismissal), negotiations, or proceedings relating in any way to the Settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind of any person, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or court order.

Dated: September 4, 2012  *s/ Paul A. Magnuson*
  Paul A. Magnuson
  United States District Court Judge

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| MS. LYNDSEY M.D. OLSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITIBANK (New York State), CITIBANK, N.A., and THE STUDENT LOAN CORPORATION,<br><br>Defendants. | Case No. 0:10-cv-02992-PAM-JJG |

## JUDGMENT OF DISMISSAL

Defendants Citibank (New York State), Citibank, N.A. and The Student Loan Corporation (collectively "Defendants"), having settled with the Settlement Class and the Court having entered its Order granting Final Approval of Settlement and directing entry of judgment of dismissal,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that

1. All claims of all members of the Settlement Class against Defendants, as defined in this Court's Final Approval Order, are dismissed with prejudice.

2. All claims of Plaintiff Lyndsey M.D. Olson against Defendants are dismissed with prejudice.

3. Notwithstanding the dismissal of claims in the preceding paragraphs, the Court shall retain jurisdiction over the construction, interpretation, implementation, and enforcement of the Agreement and to supervise and to adjudicate any disputes arising from the disbursement of settlement benefits.

4.       Plaintiff and all members of the Settlement Class, as defined in the Settlement Agreement and this Court's Preliminary Approval Order, are bound by the Release of Claims set forth in the parties' Settlement Agreement.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 4, 2012                    *s/ Paul A. Magnuson*
                                            Paul A. Magnuson
                                            United States District Court Judge

700765145.6