UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MS. LYNDSEY M.D. OLSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITIBANK (New York State), CITIBANK, N.A., and THE STUDENT LOAN CORPORATION,<br><br>Defendants. | Civil No. 10-2992 (PAM/JJG)<br><br>**ORDER REGARDING DEFENDANTS' MOTION TO PARTIALLY AMEND THE JUDGMENT AND TO PARTIALLY SET ASIDE THE FINAL APPROVAL ORDER** |

WHEREAS, on April 12, 2012, The Honorable Paul A. Magnuson entered an Order granting preliminary approval of the Settlement Agreement filed with the Court on March 15, 2012 (Document # 44), which embodies the settlement of the dispute between the parties in the above-captioned action;[1]

WHEREAS, in its April 12, 2012 Order, Judge Magnuson conditionally certified the following Settlement Class for purposes of preliminary settlement approval and dissemination of notice of the pendency of this action and the proposed settlement:

> All Servicemembers who, during the period between July 13, 2004 and November 30, 2011, were in Military Service, and: (a) had one or more SCRA Loans that were then on a forbearance automatically in order for the Servicemember to receive the six percent (6%) interest rate cap under Section 527(a) of the SCRA, and (b) provided the written notice to Defendants regarding their Period of Military Service under the SCRA before 180 days after the end of their military service.

WHEREAS, in the April 12, 2012 Order, Judge Magnuson also: (a) designated named plaintiff Lyndsey M.D. Olson ("Olson") as Class Representative of the Settlement Class, (b)

---

[1] First-letter capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning and definition as in the Settlement Agreement.

appointed Olson's counsel, the law firms of Crowder Teske, PLLP, Law Offices of Martin A. Carlson, Ltd., and Richard J. Fuller, Attorney at Law, as Class Counsel; and (c) designated Vildan A. Teske as Lead Class Counsel;

WHEREAS, on August 30, 2012, Judge Magnuson conducted a fairness hearing and heard from counsel for the respective parties in support of the proposed settlement, and no one appeared at the hearing, in person or otherwise, to object to the proposed settlement;

WHEREAS, at the end of that fairness hearing, Judge Magnuson announced his opinion approving the proposed settlement, awarding Class Counsel $650,000 in attorney's fees and costs, and awarding Olson $7,500 as an incentive payment for serving as class representative;

WHEREAS, on September 5, 2012, Judge Magnuson issued an Order (Doc. # 74) and Judgment (Doc. # 75) approving the Settlement Agreement between Defendants and the Settlement Class, awarding Class Counsel a total of $650,000 in attorney fees and costs, and Olson $7,500 as a class representative service award;

WHEREAS, it has been recently discovered by Defendants, and the Court has since been advised, that 124 Servicemembers who fall within the above-quoted definition of the Settlement Class ("Additional Class Members") inadvertently were not mailed the Class Notice that Judge Magnuson approved in the April 12, 2012 Order;

WHEREAS, as a matter of due process, all Settlement Class Members have a right to valid, due and sufficient notice of the pendency of the class action, the proposed settlement, and the hearing thereon;

WHEREAS, as requested by Judge Magnuson, the parties, through their counsel, engaged in settlement discussions with the assistance of the undersigned regarding Defendants'

motion (Document # 76) to partially amend the judgment and partially set aside the September 5, 2012 Final Approval Order, and reached agreement regarding the subject of the motion; and

WHEREAS, the parties, on January 8, 2013, filed a Consent to proceed before this Court;

IT IS HEREBY ORDERED:

1. Pursuant to Rules 60(b)(1) and 23(d) of the Federal Rules of Civil Procedure, as well as the terms of the September 5, 2012 Order and Judgment, this Court grants Defendants' motion to partially amend the judgment and partially set aside the September 5, 2012 Final Approval Order (Doc. No. 76).

2. The Court approves the proposed Notice to 124 Additional Class Members of Class Action and Proposed Settlement ("Notice") in substantially the form attached hereto as Exhibit 1.

3. Pursuant to Rule 23, a supplemental fairness hearing ("Supplemental Hearing") shall be held before Magistrate Judge Jeanne J. Graham on **February 26, 2013 at 9:30 a.m., in Courtroom 3B** at the United States District Court for the District of Minnesota, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, MN 55101, pursuant to the written consent of the parties to have Magistrate Judge Graham conduct the Supplemental Hearing and enter any related final approval order(s) and judgment. At the Supplemental Hearing, Magistrate Judge Graham will hear from any Additional Class Member who has filed a timely written objection to the proposed settlement.

4. Defendant Citibank N.A., on behalf of itself and all Defendants, is hereby directed to (a) send to Class Counsel, on or before **January 11, 2013**, a supplemental Class List comprised of the Additional Class Members to whom Class Notice will be sent; and (b) cause to be mailed, through Epiq Systems, the Notice, in substantially the same form attached hereto as

Exhibit 1, to each Additional Class Member on or before **January 11, 2013**. The method of Notice also shall comport with Section E.2 of the Settlement Agreement. All expenses related to the Notice shall be paid exclusively by Citibank, N.A., on behalf of itself and the other Defendants.

5. If any Notice mailed pursuant to paragraph E.2 of the Settlement Agreement is returned as undeliverable and contains a forwarding address, the Class Notice shall be re-mailed to the indicated forwarding address within seven (7) days of receipt of the forwarding address. Other than as set forth herein and above, Defendants shall have no further obligation to re-mail the Notice to any Additional Class Member.

6. No later than four (4) days prior to the Supplemental Hearing, Defendants shall file with this Court a Declaration that the mailing of the Notice described in this Order has been completed.

7. The Court finds that, under the circumstances, the mailing of Notice described in this Order constitutes the best practicable notice of the Supplemental Hearing, the proposed settlement, Class Counsel's application for fees and costs, and other matters set forth in the Notice. The Court further finds that such mailing constitutes valid, due and sufficient notice to the Additional Class Members, complies fully with the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and any other applicable law, and is hereby approved. The Court further finds that no notice other than that described herein is necessary for the Additional Class Members.

8. Any Additional Class Member who wishes to receive a Settlement Benefit need only remain an Additional Class Member and not opt-out of the Settlement Class. Subject to final approval by the Court, Defendants shall apply the same pro rata damages allocation

methodology to the Additional Class Members as agreed to in Section F.3 of the Settlement Agreement for Class Members, but shall fund such payments to Additional Class Members in addition to, i.e., on top of, the $2.32 million Settlement Amount already agreed to in the Settlement Agreement.

9. All Additional Class Members who wish to be excluded from the Settlement and not be bound by the Settlement Agreement must complete and mail a request for exclusion ("Opt-Out") to the address set forth in the Notice. Such request for exclusion must be postmarked on or before **February 20, 2013**. For an Additional Class Member's Opt-Out to be valid, it must be timely postmarked (as judged by the postmark deadline) to the address set forth in the Notice and it must: (i) state the Additional Class Member's full name, address, telephone number, and Account number for which exclusion is being requested; (ii) be signed by all borrowers on the Account; and (iii) state the Additional Class Member's intent to be excluded from the Settlement Class by including the following statement: "I/we request to be excluded from the class settlement in Olson v. Citibank, et al., Case No. 0:10-cv-02992 (D. Minn.)." A request for exclusion that does not comply with all the foregoing requirements, that is sent to an address other than the one designated on the attached Notice, or that is not postmarked by the time specified, shall be invalid, and the person(s) serving such a request shall be bound as a Settlement Class Member and by the Settlement Agreement, if the Settlement Agreement is finally approved. No Additional Class Member may purport to exercise any exclusion rights of any other person, or purport to exclude other Settlement Class Members as a group, aggregate, or class involving more than one person, or as an agent or representative. Any such purported exclusion shall be invalid and the Additional Class Member(s) that is or are the subject of the purported opt-out shall be a member or members of the Settlement Class and treated and be

bound by the Settlement Agreement and as a Settlement Class Member for all purposes. Any Additional Class Member who successfully opts out of the Settlement shall be deemed to have waived any rights or benefits under the Settlement, and will have no standing to object to the Settlement.

10. Any Additional Class Member who does not opt-out and who wishes to object to the Settlement must file a written Objection ("Objection") with the Court, and mail and serve it upon Class Counsel and Counsel for Defendants, on or by **February 20, 2013**. To be considered valid, each Objection must be timely filed and served (as judged by the filing deadline and postmark date set forth), and must (i) set forth the Additional Class Member's full name, current address, telephone number, and Account number; (ii) contain the signature of all borrowers on the Account; (iii) state that the Additional Class Member objects to the Settlement, in whole or in part; (iv) set forth a statement of the legal and factual bases for the objection; and (v) provide copies of any documents that the Additional Class Member wishes to submit in support of his/her position. Any Additional Class Member who wishes to object and appear at the Supplemental Hearing in person instead of submitting only written objections must also file a notice of intention to appear with the Clerk of the Court, and mail and serve the notice on Class Counsel and Counsel for Defendants, by the date specified herein. Any Additional Class Member who does not submit a timely written Objection in complete accordance with this Order shall not be treated as having filed a valid Objection to the Settlement, shall be deemed as having waived his or her objections in this Action and shall forever be barred from making any such objections in this Action. Only persons who have filed and served valid and timely notices of Objection, in accordance with this paragraph, shall be entitled to be heard at the Supplemental Hearing described in Section IV of the Notice.

11. If any Objections are filed by Additional Class Members, the Parties may, if they choose, file memoranda in support of the Settlement no later than three (3) days prior to the Supplemental Hearing.

12. Subject to final approval by the Court, Defendants shall pay Class Counsel $30,000 in additional attorney fees and costs to account for the additional time Class Counsel have expended, and will continue to expend, as a result of this Motion, the additional hours required for the supplemental proceedings ordered herein and the additional class member communications that will be required as a result of the delay in payments to the Settlement Class Members. Class Counsel shall not receive any additional payments for attorney fees or costs other than the $30,000 payment referenced in this paragraph and the $650,000 payment that the Court previously approved.

13. Defendant will pay Class Counsel the attorneys' fees and costs, as does not exceed in the aggregate $680,000, within seven (7) days after entry by the Court of the Final Approval Order and Judgment of Dismissal granting final approval of the Settlement in accordance with the terms of the Settlement Agreement and this Order, and after entry of an order approving the payment of such fees and costs, notwithstanding any appeal, provided Class Counsel executes a Stipulated Undertaking, in a form mutually acceptable to both parties. The Stipulated Undertaking shall provide that Class Counsel are each jointly and severally liable for the repayment of fees and expenses should the Final Approval Order and/or Judgment of Dismissal be reversed or materially modified or the fee and costs order reversed or reduced on appeal. In the absence of such a stipulated undertaking, fees and costs payable hereunder and pursuant to the Settlement Agreement, in an amount not exceeding the total amount of $680,000, shall be payable within ten (10) business days after the later of the Effective Date or after any

order on attorneys' fees and costs is final and non-appealable. No interest will accrue on such payments at any time.

14. Subject to final approval by the Court, Defendants shall make the Settlement Benefit payments to all Settlement Class Members within fourteen (14) days after the Effective Date, as agreed by the parties in the recent settlement negotiations regarding the instant Motion.

15. The Court may extend any of the deadlines set forth in this Order or adjourn or continue the Supplemental Hearing without further notice to the Additional Class Members.

16. Pending final determination of whether the settlement embodied in the Settlement Agreement is to be approved at the Supplemental Hearing, no member of the Settlement Class either directly, representatively, or in any other capacity, shall commence or prosecute any action or proceeding in any court or tribunal asserting any of the claims described in the Settlement Agreement against Defendants. Except as set forth herein, all proceedings in this Action, including status conferences, other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto, are stayed and suspended until further order of this Court.

DATE: January 8, 2013      ENTERED:   s/ *Jeanne J. Graham*
                                               JEANNE J. GRAHAM
                                               United States Magistrate Judge

SO STIPULATED:

                                               Respectfully submitted,

Dated: January 8, 2013           By: /s/ Andrew S. Rosenman

                                               Lucia Nale (admitted *Pro Hac Vice*)
                                               Andrew S. Rosenman (admitted *Pro Hac Vice*)
                                               MAYER BROWN LLP
                                               71 South Wacker Drive
                                               Chicago, Illinois  60606
                                               Telephone:  (312) 782-0600
                                               Facsimile:  (312) 701-7711

|  |  |
|---|---|
|  | John L. Krenn (MN License #12493X)<br>GRAY PLANT MOOTY<br>500 IDS Center<br>80 South Eighth Street<br>Minneapolis, Minnesota  55402<br>Telephone:  (612) 632-3222<br>Facsimile:  (612) 632-4222<br><br>*Counsel for Defendants*<br><br>and |
| Dated:  January 8, 2013 | By  /s/ Vildan A. Teske<br><br>William H. Crowder<br>Vildan A. Teske<br>Marisa C. Katz<br>CROWDER TESKE, PLLP<br>222 South Ninth Street, Suite 3210<br>Minneapolis, Minnesota  55402<br>Telephone:  (612) 746-1558<br>Fax:  (651) 846-5339<br><br>Martin A. Carlson<br>LAW OFFICES OF MARTIN A. CARLSON, LTD.<br>247 3rd Ave. South<br>Minneapolis, Minnesota  55415<br>Telephone: (612) 359-0400<br>Fax:  (612) 341-0116<br><br>Richard J. Fuller<br>Attorney at Law<br>220 South Sixth Street, Suite 1700<br>Minneapolis, Minnesota  55402<br>Telephone: (612) 339-4295<br>Fax:  (612) 339-3161<br><br>*Counsel for Plaintiffs* |