# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Lyndsey M.D. Olson, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>Citibank (New York State), Citibank, N.A., and The Student Loan Corporation,<br><br>      Defendants. | **Civ. No. 10-2992 (JJG)**<br><br><br><br>**FINAL APPROVAL ORDER AND ORDER FOR ENTRY OF JUDGMENT** |

This matter is before the Court on Plaintiff's Motion for Approval of Settlement regarding Post- Supplemental Notice Final Approval (ECF No. 96). The parties consented to proceed before the undersigned pursuant to 28 U.S.C. § 636(c) (ECF No. 93), and the Honorable Paul A. Magnuson, United States District Judge, entered an order approving the Court's consideration of the issue (ECF No. 94). The Court held a hearing on February 26, 2013, at which objectors to the Settlement could appear or be heard, and being fully advised in the premises, hereby finds and orders as follows:

    1.    On April 12, 2012, Judge Magnuson entered an Order adopting this Court's Report and Recommendation and preliminarily approving a Settlement between Plaintiff Lyndsey M.D. Olson ("Olson") and Defendants Citibank (New York State), Citibank, N.A. and The Student Loan Corporation (collectively "Defendants"). (ECF No. 59.) The April 12, 2012 Order preliminarily approved the Settlement, provisionally certified a Settlement Class, approved a form of Class Notice (as specified in the Settlement Agreement, which is hereby incorporated

by reference in this Order as if fully set forth herein[1]), authorized the mailing of the Class Notice, and ruled that the Class Notice complies with the terms of the Settlement Agreement and due process.

2. The Court's April 12, 2012 Order scheduled a fairness hearing, or Final Approval Hearing, for August 30, 2012, and directed the Parties to notify the Class Members of this Final Approval Hearing as part of the Class Notice.

3. Defendants caused notice of the Settlement to be timely mailed by April 27, 2012 to all Class Members identified on the Class List, except for a group of 124 Class Members to whom Class Notice inadvertently was not sent. Any notices that were sent on April 27, 2012 and were returned with forwarding addresses were re-mailed to those forwarding addresses within 30 days, as required by the Settlement Agreement.

4. Four persons filed requests to be excluded from the Settlement Class prior to the July 11, 2012 deadline.

5. On August 30, 2012, Judge Magnuson held a Final Approval Hearing, to which all Class Members were invited. The Court received no objections from any Class Members and no Class Members or their separate counsel appeared at the Final Approval Hearing. Class Counsel and counsel for Defendants appeared at the Final Approval Hearing. Following the Final Approval Hearing, Judge Magnuson entered an Order Approving the Settlement and Attorney's Fees, Costs and Class Representative Award on September 5, 2012 (ECF No. 74). Judgment was entered on that same date (ECF No. 75).

---

[1] First-letter capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning and definition as in the Settlement Agreement (ECF No. 44) and the Court's January 9, 2013 Order (ECF No. 95).

6. On November 6, 2012, Defendants filed a motion to partially amend the judgment and to partially set aside the September 5, 2012 Order to allow the Class Notice to be sent to the 124 Additional Class Members. The parties entered into a stipulation regarding Defendants' motion on January 8, 2013, and on January 9, 2013, this Court entered an Order pursuant to the parties' stipulation that, among other things, set February 26, 2013 as the date for the Supplemental Hearing. (ECF No. 95.)

7. The Court received no objections from any Additional Class Members and no Additional Class Members or their separate counsel appeared at the Supplemental Hearing. Class Counsel and counsel for Defendants appeared at the Supplemental Hearing.

8. The Court finds that Defendants caused the notice of the Settlement, as approved in the January 9, 2013 Order, to be timely mailed by January 11, 2013 to the 124 Additional Class Members. Any notices that were returned with forwarding addresses were re-mailed to those forwarding addresses within 7 days, as required by the January 9, 2013 Order.

9. None of the Additional Class Members filed requests to be excluded from the Settlement Class.

10. The Court, being fully advised and having afforded the Additional Class Members an opportunity to object, hereby finds that the Class Settlement is fair and reasonable under Rule 23 of the Federal Rules of Civil Procedure, the Class Notices sent to Class Members and Additional Class Members satisfy the requirements of Rule 23 and due process, and the Parties have complied with the Preliminary Approval Order and the January 9, 2013 Order.

11. The Court finds that the Notices given to Class Members and Additional Class Members provided the best notice practicable under the circumstances and were reasonably calculated to communicate actual notice of the litigation and the proposed settlement to members

of the Settlement Class. Under these circumstances, it is fair and reasonable to make the Agreement and its release of claims binding on all Class Members whether or not they actually received notice of this action and the proposed Settlement. The Court finds that the Settlement and the Court's granting of this Final Approval Order is binding on all Settlement Class Members, whether or not they received actual notice of the Settlement, the September 5, 2012 Final Approval Order, the January 9, 2013 Order.

12. The Court finds the Settlement Agreement to be fair and made in good faith. Further, the Court finds that there has been no collusion between the parties in reaching the Settlement Agreement.

13. The Court finds that the Settlement is fair, reasonable, and adequate and is in the best interests of the Settlement Class. For the avoidance of any doubt, the Additional Class Members are members of the Settlement Class and constitute Settlement Class Members as defined in the Settlement Agreement and in the Court's Preliminary Approval Order. The Court approves the Settlement Agreement submitted by the Parties and orders the Parties to perform their obligations under the Settlement Agreement and the terms of the January 9, 2013 Order.

14. The Parties previously issued a joint press release pursuant to paragraph R of the Settlement Agreement. Accordingly, no further press releases shall be made by any party.

15. The Court finds that for purposes of the Settlement the requirements for certification of a Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure are satisfied. The Court finds that (i) the Class is so numerous that joinder of all members is impracticable; (ii) there are questions of fact or law common to the class; (iii) such common questions predominate over questions affecting only individual members; (iv) the claims of the Class Representative are typical of the claims of the Class; (v) the proposed representative will

fairly and adequately protect the interests of the Class; and (vi) a class action is a superior method for the fair and efficient adjudication of the controversy.

16. The Settlement Class as defined herein and in the Settlement Agreement and in the Preliminary Approval Order is adjudged a final and permanent class for purposes of this Action, as well as for this Final Approval Order.

17. Payment to Class Counsel in the aggregate amount of six hundred and eighty thousand dollars ($680,000) for Attorney's Fees, costs, and expenses incurred in prosecution of this Action is hereby approved as reasonable compensation for Class Counsel's work, which has resulted in a substantial benefit to the Settlement Class and created Settlement Benefits that will be provided to Settlement Class Members in accordance with the terms of the Agreement. No other Attorney's Fees, expenses or costs shall be paid by Defendants.

18. A payment in the amount of seven thousand and five hundred dollars ($7,500) plus the prorated settlement benefit under paragraph F.4 of the Settlement Agreement to the named Plaintiff Lyndsey M.D. Olson in settlement of her claims and in recognition of her services as Class Representative is approved as fair and reasonable. Plaintiff shall not be entitled to any other payment under the Settlement Agreement.

19. All Class Members, including the Additional Class Members and Plaintiff Lyndsey M.D. Olson, are bound by this Final Approval Order, including its dismissal of claims with prejudice. They are further bound by the terms of the Settlement Agreement, including but not limited to its Release provisions, as described in paragraph K of the Settlement Agreement.

20. All Plaintiffs and Settlement Class Members (as defined herein and in the Settlement Agreement) hereby release Defendants, and all Released Parties from all Released Claims as defined in paragraph K of the Settlement Agreement.

21. This Action is dismissed with prejudice and without costs (other than what has been provided for in the Agreement). By this dismissal, the Court dismisses the claims of Plaintiff and the Settlement Class Members against Defendants and the Released Parties with prejudice and without costs.

22. Notice of entry of this Order has been given to Class Counsel on behalf of the Settlement Class. It shall not be necessary to send notice of entry of this Final Approval Order to individual members of the Settlement Class.

23. The Court shall retain jurisdiction over the construction, interpretation, implementation, and enforcement of the Agreement, and to supervise and adjudicate any disputes arising from the disbursement of Settlement Benefits.

24. In the event that (i) the Settlement Agreement is terminated pursuant to its terms; or (ii) the Settlement Agreement, Preliminary Approval Order, or Final Approval Order, are reversed, vacated, or modified in any material respect by this or any other court, then (a) all orders entered pursuant to the Settlement Agreement shall be vacated, including this Final Approval Order; (b) the instant action shall proceed as though a Settlement Agreement had never been reached; and (c) no reference to the prior Settlement Agreement, or any documents related thereto, shall be made for any purpose; provided, however, that if the Parties to the Settlement Agreement agree to appeal an adverse ruling jointly and the Settlement Agreement, and Final Approval Order are upheld on appeal in all material respects, then the Settlement Agreement, and Final Approval Order shall be given full force and effect. In the event of (i) or (ii) in this Paragraph 25, all parties reserve all of their rights existing prior to the execution of the Settlement Agreement, and the doctrines of res judicata and collateral estoppel shall not be applied.

25. Neither the Settlement Agreement, this Order, the January 9, 2013 Order, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order, and the September 5, 2012 Final Approval Order), negotiations, or proceedings relating in any way to the Settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind of any person, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or court order.

It is **FURTHER ORDERED** that:

(1) Plaintiff's Motion for Approval of Settlement regarding Post- Supplemental Notice Final Approval (ECF No. 96) is **GRANTED**;

(2) All claims of all members of the Settlement Class, including Plaintiff Lyndsey M.D. Olson, against Defendants, as defined herein, are **DISMISSED WITH PREJUDICE**; and

(3) **JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 26, 2013                    s/ *Jeanne J. Graham*
                                           JEANNE J. GRAHAM
                                           United States Magistrate Judge